Weight, Judge,
 

 delivered tlie opinion of the Court:
 

 Whether in an action of debt on a penal bond, the Plaintiff can recover a greater sum than the penalty,
 
 *277
 
 seems to Lave been a question foe a long time unsettled in the English Courts ; but from an examination of the cases cited upon the argument of this case, it will appear always to have been the better opinion, that no such recovery could be had, at least in a Cour^ of Law, until the decision reported in 2
 
 Term Eep.
 
 388, made by Justice Buller, in Conformity with the opinion expressed in his
 
 Law of Nisi Prius,
 
 178. This decision, however, was afterwards overruled by Lord Kenyon, 6
 
 Term Eep.
 
 S03. And in the case of M’Clure
 
 v.
 
 Knight,
 
 1 East. Rep.
 
 426, the Law seems to have been considered by the counsel and the Court as settled : for the only question, made in the argument was, whether on a judgment rendered in Ireland on a penal bond, the Plaintiff in a suit brought in England on such judgment, was entitled to recover beyond the penalty ? which was properly decided in the affirmative, on the ground that the nature of the demand was altered by the judgment, and that it was competent for the Jury to allow interest on what was there ascertained to be due. The other cases cited by the Plaintiff are
 
 Btinbunj
 
 23, and 2
 
 Dallas
 
 252.
 

 The first is a Chancery decision, and is reported by the Reporter in a line and a half
 
 •,
 
 in which he states “that interest was decreed to be paid on a bond, although it exceeded the penalty.” But none of the Cases to which he refers support the principle of the decree, and some of them are entirely opposed to it. The first from
 
 Hardress
 
 136, was a bill to be relieved against an extent on a judgment in debt for a penalty of £1500, after satisfaction of the penalty by perception of the profits according to actual receipts, but not according to the extended value. The Court would not give the Complainant relief without paying costs and damages for it appeared there had been a default in him in not permitting the Defendant quietly to receive the profits upon a former extent, whereby he was put to great charges, and the Court declared the Plaintiff should either have all Law
 
 *278
 
 or all Equity. 1
 
 Ch. Ca.
 
 271, was the case of a jointress who had paid a mortgage, and she was permitted to hold over until repaid with interest. The other cases, 2
 
 Ch. Ca.
 
 226, and 2
 
 Ver.
 
 509, are in direct opposition to the principle which they were cited by
 
 Banbury
 
 to support; To which may be added the cases reported in 1
 
 Atk. 75.
 
 3
 
 Bro.
 
 489, 496. 1
 
 Ver.
 
 349, referred to by Defendants. Counsel. The other case cited by the Plaintiff’s Counsel from 2
 
 Balias
 
 252, wpuld at first view seem to conflict with the English decision $ but it is believed a distinction may be drawn between that case and those decisions. That was a suit on a penal bond conditioned for the performance of a.collateral act, on a stated day, to wit,, the procuring of a patent within six months for a tract of land which the Defendant had sold to the Plaintiff. The Judges, in delivering their opinion, considered the penalty as a debt duo to the, Plaintiff, on the day when the collateral act was to have been performed, and that upon that ground he was entitled to retain a verdict for interest beyond the penalty which the jury gave for the detention of the debt — From a review, therefore, of the cases on the subject, it may be considered as a settled point, that except in some particular cases, where a collateral act is to discharge a penalty which is inserted in a bond as a debt which is to become due on the failure of performing that act on the day stipulated
 
 $
 
 or in cases in Equity framed upon some specific ground of relief, the penalty of the bond is all that can be recovered, either at Law or in Equity. As to the question made by the Plaintiff’s Counsel, whether there is any difference between common conditions to penal bonds and the one sued on, which binds the obligor to the amount of the condition with interest till paid ; this is nothing more than a condition in Law, which would arise without its being stated in the bond, and was inserted either from an ignorance of the Law, or from an excess of caution : But it cannot be considered as intended to increase the obliga
 
 *279
 
 'tion of the Defendant. It is therefore the opinion of the Court, that the Plaintiff should enter a Remittitur for the amount assessed for interest by way of damages.