A demand was made by the plaintiff before the bringing of the suit, and the breach assigned was the failure to pay over the interest on the sum of one thousand dollars alleged to be due the plaintiff.
The facts are that one W. L. Mizell died in 1851, leaving a will which was duly admitted to probate, in which he directed his estate to be equally divided amongst his brothers and sisters, limiting the interest of his sisters to an estate for life, remainder to their children. The feme
plaintiff, one of the testators sisters, inter-married with the plaintiff Geo. W. Ward. After the executor of the will had paid off the debts of the estate, the same was by a decree of the Court of Equity at Spring Term, 1855, ordered to be paid into that office, and to be invested upon good security, the interest to be annually collected and paid to the parties entitled thereto.
The principal sum due each party was declared to be $1,000. In lending the fund, the Clerk and Master was directed to prefer the parties entitled thereto.
At Fall Term, 1856, the Court ordered the Clerk and Master to lend the fund due the plaintiffs to the plaintiff George, upon his executing a bond with good sureties to repay the fund into the office upon the death of his wife Mary Ann. *Page 390 
During the year 1857. the plaintiff George executed his bond so conditioned, payable to the defendant, and received the funds.
Thereafter, in 1859, the plaintiff George becoming embarrassed, executed a deed of trust to his sureties to the said bond. In November, 1859, the Master sold his property and took a bond from one H. W. Mizell for $1,000, payable to the defendant with securities, who were solvent at the time, good during and through the war, and good at the trial, which the defendant accepted, and surrendered to the said trustees the plaintiff's bond.
The defendant collected the interest due on the Mizell bond for the year 1860-'61, and paid to the plaintiffs. On the 28th of May, 1862, he accepted payment of this bond in Confederate and Bank currency, which he was unable to lend out, and which he subsequently invested in 7-30 bonds, which he filed in his office and produced upon trial.
The defendant was appointed Clerk and Master at Fall Term, 1836, and renewed his bonds regularly at intervals of four years in 1840, 1844, 1848, 1852, 1856, 1860, 1864 and 1866.
The suit was brought upon the bond given in 1866.
His Honor instructed the jury, that defendants were liable for the interest accruing during the term of the defendants last appointment to wit: that one for 1864, 1865 and 1866. Verdict for plaintiff.
Appeal.
We are unable to see any ground upon which the ruling of His Honor can be sustained.
The action is, on the bond of Hassell, as Clerk and Master in Equity, executed in 1866. *Page 391 
The breach assigned is a failure to pay the interest upon a fund, which according to the special verdict had been in the year 1862, converted by Hassell into Confederate bonds. These bonds had prior to 1866, become entirely worthless. Hassell had filed them in his office, and produced them at the trial, so that in 1866 there was no fund, and as a matter of course his securities for that year are not chargeable. Suppose some other person had been appointed Clerk and Master in 1866, would he and his securities have been liable for a fund which was lost before his appointment? The circumstance that Hassell was re-appointed does not alter the case at all, in respect to the bond of 1866.
Error.
PER CURIAM. Judgment reversed.