J. M. BERNHARDT v. J. M. DUTTON.

(Filed 27 November, 1907).

1. **Pleadings—Amendments—Counterclaim—Motion—Judgment.**
Amendments to pleadings allowed by the trial Judge in his discretion will not be reviewed by the Supreme Court on appeal. The counterclaim of defendant not having been denied by plaintiff, it was in the sound discretion of the Judge below to permit plaintiff to reply, for the purpose of denial, and overrule defendant's motion for judgment thereon, when such is proper.

2. **Verdict—Evidence—Appeal and Error—Record—Presumptions.**
The verdict of the jury will not be disturbed, on appeal, when there is nothing in the record to show error therein, for in such cases the Supreme Court will assume there was evidence to support the verdict.

3. **Appeal and Error—Objections and Exceptions—Record—Burden of Proof—Appellant, Duty of—Presumptions.**
An exception to the exclusion of evidence will not be considered in the Supreme Court unless the appellant, upon whom is the burden of proof, makes the relevancy and purpose appear in the record, as the presumption is against error in the ruling of the trial Judge.

4. **Principal and Surety—Surety—Recovery.**
A judgment allowed against a surety for an amount exceeding that specified in his undertaking is erroneous.

CIVIL ACTION, tried before *Councill, J.,* and a jury, at June Term, 1907, of the Superior Court of WILKES County.

This is an action to recover 80,000 feet of lumber, or $400, the value thereof, under a contract, dated 18 July, 1900, by which the defendant agreed to deliver to the plaintiff, at Lenoir, within twelve months after date, "the merchantable timber and lumber of oak, poplar and white pine from the

land which is described in the contract and containing 400 acres, at prices therein stated, the plaintiff to pay for the stumpage and sawing, as done, an amount which, with the stumpage and sawing, will make $6.50 per 1,000 feet as the lumber is put on sticks; all timber and logs for which he pays to be the property of the plaintiff; payment to be made by him every two weeks ·for the timber as put on sticks, and the balance as the lumber is delivered at Lenoir." The testimony taken in the case was not sent up.

The defendant, who testified in his own behalf, was asked by his counsel the following question: "In this contract I find this language: 'J. M. Dutton contracts to deliver all merchantable timber, such as oak, poplar and white pine, from the lands of T. S. McNeil and W. T. Land, on the waters of Elk Creek, Elk Township, Wilkes County; also, F. L. Dula, G. W. McNeil, John Dula, Tom Dula, containing 400 acres, more or less, at $7, $10 and $19 for oak, $8, $11, $13.50 and $20 for poplar, $9, $15, $25 for white pine.' Tell his Honor and the jury how much white pine and poplar you sawed and furnished the plaintiff in this case from the tracts mentioned in this paper." The Court ruled out the evidence, upon objection by the plaintiff, and the defendant excepted. There was a verdict and judgment for the plaintiff, and defendant appealed.

*Edmund Jones* for plaintiff.
*W. W. Barber* and *R. Z. Linney* for defendant.

WALKER, J., after stating the case: The defendant moved for judgment upon his counterclaim, which was alleged to consist in the fact that the plaintiff, since the seizure of the lumber and before the defendant replevied, had disposed of or wasted about 15,000 feet of it, which is valued at $150. The plaintiff did not reply to this averment in the answer, but the Court permitted him to do so, and overruled the motion. It was within the sound discretion of the Court to allow a reply to be filed at any time. "The law invests the

Court with ample powers in all questions of practice and procedure, both as to amendments and continuances, to be exercised at the discretion of the Judge presiding, who is presumed best to know what orders and what indulgence will promote the ends of justice in each particular case. With the exercise of this discretion we cannot interfere, and it is not the subject of appeal." In that case the plaintiff had moved for judgment, and the Court allowed the defendant to file an amended answer, and then overruled the motion. See, also, *Austin v. Clark,* 70 N. C., 458; *Gilchrist v. Kitchin,* 86 N. C., 20. There was certainly no abuse of judicial discretion in this case. The motion was properly overruled.

We have read the affidavit of the plaintiff in reply to one by the defendant for a continuance of the cause, which the defendant offered in evidence and which was excluded by the Court. It is very long, and it is not necessary to set it out. We have discovered nothing in it which is relevant to the controversy, and the defendant was not in the least prejudiced by the ruling of the Court.

Nor do we see the exact bearing of the question put to the defendant as a witness in his own behalf and ruled out by the Court. The evidence is not stated in the case. If it had been, the materiality of the fact proposed to be proved might more clearly appear. The real question was whether the plaintiff had complied with the condition of the contract that he should pay for the lumber before the title should vest in him, and particularly whether he had paid for the 80,000 feet of lumber, for the recovery of which the suit was brought. As the verdict was in favor of the plaintiff, we must assume that there was evidence to support it, in the absence of any showing to the contrary by the defendant. In this view, and without having the evidence before us, it does not appear that the quantity of pine and poplar sawed and shipped to the plaintiff could aid the jury in reaching a verdict. The questions were, How much had been cut and paid for? and, Had

the plaintiff paid the price of the 80,000 feet? The brief of defendant's counsel states that the amount paid by the plaintiff was uncontroverted, but it does not so appear in the case. When the Court excludes evidence the party who excepts to the ruling must at least show what he proposes to prove and the relevancy of the evidence. He cannot very well be prejudiced by the exclusion of it if it was not pertinent to the issue. The presumption in this Court is against error, and the appellant, in order to succeed, must make it appear. The burden is upon him.

The plaintiff sued for $400 and recovered judgment against the defendant and his surety for $525.64 as the value of the property and $157.69 as interest on the same. This was error. The recovery as against the surety should have been limited to the amount of the undertaking given by him. *Machine Co. v. Seago,* 128 N. C., 158. In this respect the judgment is modified. Each party will pay his own costs in this Court.

Modified and Affirmed.