## UNITED STATES v. GARLAND.

(District Court, D. Delaware. February 17, 1921.)

### No. 1.

Courts ☞365—No recovery in excess of penalty of bond, where that is the law of state where bond is made.

In an action by the United States on the bond of a contractor for public work, given under Act Aug. 13, 1894 (Comp. St. § 6923), where by the law of the state where the contract and bond were made recovery in similar cases is limited to the penalty named in the bond, interest on such sum is not recoverable.

At Law. Action by the United States against Hugh A. Garland, receiver of the Pure Water Apparatus Company, and the American Surety Company of New York. Judgment for plaintiff.

James H. Hughes, Jr., U. S. Atty., of Wilmington, Del., for plaintiff.
S. D. Townsend, Jr., of Wilmington, Del., for defendant American Surety Co.

MORRIS, District Judge. Pure Water Apparatus Company, in June, 1913, entered into a contract with the United States for the installation of a distilling plant, of specified efficiency, at Ft. Caswell, North Carolina, and gave bond in the penal sum of $20,945, with American Surety Company of New York as surety, for the fulfillment of that contract. The plant was installed, but when completed was found to be wholly inefficient and useless. From time to time during the construction the government paid to the contractor sums of money which in the aggregate exceeded the penalty of the bond by more than the amount received by the government from salvaging the plant.

This is an action on the bond. Judgment by default was entered against the surety company at a prior term of this court. The plaintiff, acting under Revised Statutes, § 961 (U. S. Comp. St. § 1599), moved the court to render judgment in its favor for so much as is due according to equity. To establish the amount due, evidence, both oral and documentary, was presented by the plaintiff. The defendant was represented at the inquisition, but did not offer any evidence. That

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the plaintiff is entitled to recover the full amount of the bond is, I think, under the evidence, not open to question.

The United States, however, seeks to recover, not only the penalty of the bond, but also damages in excess of the penalty for its detention, the measure of such damages to be the interest on the amount due from the time it should have been paid to the date of judgment. Whether in any case judgment in favor of the obligee in a penal bond may exceed the penalty has been the subject of "much contrariety of opinion," but, while considering the question of the amount of recovery upon a contractor's bond similar in substance and purpose to the one here under consideration, the Supreme Court in Illinois Surety Co. v. John Davis Co., 244 U. S. 376, 381, 37 Sup. Ct. 614, 617 (61 L. Ed. 1206), laid down a rule which, in my opinion, controls the decision in this case. It said:

"The contract and bond were made in Illinois and were to be performed there. Questions of liability for interest must therefore be determined by the law of that state."

United States v. U. S. Fidelity Co., 236 U. S. 512, 530, 35 Sup. Ct. 298, 59 L. Ed. 696, is, at least by inference, to the same effect.

The contract and bond of the Pure Water Apparatus Company were to be performed in the state of North Carolina. Apparently they were also made there. In any event, the record does not disclose that they were made elsewhere. The law of North Carolina, evidenced by New Home Sewing Mach. Co. v. Seago, 128 N. C. 158, 38 S. E. 805, and Bernhardt v. Dutton, 146 N. C. 206, 59 S. E. 651, is, as I understand those cases, that in an action upon a penal bond for condition broken no recovery in excess of the penalty may be had. Consequently I am of the opinion that in this case the recovery of the plaintiff against American Surety Company must be restricted to the amount of the penalty of the bond, to wit, $20,945.

Judgment accordingly, with costs.