STATE EX REL. R. H. LEE ET AL. v. E. E. MARTIN AND NEW AMSTERDAM CASUALTY COMPANY.

(Filed 21 June, 1924.)

**1. Appeal and Error—Petition to Rehear—Error.**

Upon a petition to rehear, the case will be corrected when it appears that the petitioner has thereby been erroneously deprived of its property.

**2. Principal and Surety—Official Bonds—Clerks of Court—Cumulative Suretyship.**

The surety on the official bond given for one term of office is not liable on the distinct bond of the same incumbent given upon his succeeding himself to the same office; but where, during either of these terms, a new bond is taken with the same surety for that period the security is considered cumulative, and upon defalcation before or after its taking, the surety is liable to the extent of the total amount of them both.

**3. Same—Penalty—Liability—Surety.**

Where a defaulting clerk of the Superior Court succeeds himself in office, and has given the required bond separately for each term, with the same surety, and continues his defalcation, recovery cannot be had against the surety except to the amount of the bond given for each term.

**4. Same—Statutes—Judgments—Interest.**

The surety bond of a clerk of the Superior Court is fixed as to amount in the sum of five thousand dollars, and to that extent a surety is responsible for the defalcation of his principal, including 6 per cent interest from the time of notice given it, except from judgment thereon, when a different principal applies and the surety is liable for 6 per cent interest on the judgment until it is paid. C. S., 2309.

**5. Same.**

While, as against the principal on the bond of a clerk of the Superior Court, interest under our statute at the rate of 12 per cent is collectible from the time of defalcation, the amount of the penalty on his bond determines the liability of the surety thereon. C. S., 357.

PETITION by defendant, New Amsterdam Casualty Company, to rehear this case, reported in 186 N. C., 127.

*F. C. Brinson and Ward & Ward for petitioner.*
*Z. V. Rawls for respondents.*

STACY, J. A careful and critical reëxamination of this case forces us to the conclusion that our original opinion was in some respects erroneous. It is correctly suggested by counsel that such result was probably induced, in large measure, by the condition of the record. But if, by reason of this inadvertence, the petitioning defendant is liable to be unjustly deprived of its property, as it contends it is, we must correct the error.

In 1914 E. E. Martin was elected clerk of the Superior Court of Pamlico County for a term of four years. He was duly inducted into office on the first Monday in December, 1914, and gave his official bond, as required by law, with the New England Casualty Company of Boston as surety. The New England Casualty Company failed or went out of business in 1916; and in November of that year the defendant Martin executed another official bond in the sum of $5,000, with the petitioning defendant, New Amsterdam Casualty Company, as surety thereon. This bond was duly acknowledged, accepted, and approved by the county commissioners.

In 1918 the defendant Martin was again elected clerk of the Superior Court to succeed himself for a second term of four years, commencing on the first Monday in December of that year. The official bond of $5,000 executed in November, 1916, with the New Amsterdam Casualty Company as surety, was continued in force and renewed from year to year, by the payment of premiums thereon, until the forced resignation of said Martin on 27 January, 1921. *Fidelity Co. v. Fleming,* 132 N. C., 332.

There were defalcations or misappropriations on the part of the defendant Martin during his first term of office and after the execution of the $5,000 bond now in question; and in addition, there were quite a number of defalcations or misappropriations during his second term of office, but there is no finding on the record as to the exact amount of these defalcations or misappropriations during each term when considered separately.

It is the established law of this jurisdiction that official bonds given by an officer during any one term of his office are cumulative; that is, the first bond given is liable for defaults occurring throughout the entire term, and any new bond given at a later period during the same term is an additional security for the faithful discharge of such of the

duties as have not been performed at the time of its execution. This principle.is clearly set forth by *Pearson, J.,* in *Poole v. Cox,* 31 N. C., 71, as follows:

"We consider the principle well settled that where a term of office is for more than one year, the bonds given for a proper discharge of the duties of the office, at the time of appointment, and the new bonds, given from time to time afterwards, are cumulative, that is, the first bonds continue to be a security for the discharge of the duties as at first intended, and the new bonds become an additional security for the discharge of such of the duties as have not been performed at the time they are entered into. This principle is deduced from two considerations: The new bonds are not required for the relief of the sureties upon the first bonds, but are taken for the benefit of those who may be concerned in the proper discharge of the duties of the office; and when the office is to continue for more than one year, it was presumed that the bonds taken at first might become insufficient from the insolvency of the sureties or other causes; hence the Legislature took the precaution to require new bonds to be given from time to time, and the courts, in order to give effect to the intention of the law-makers, consider the new bonds not as taking the place of the old ones, but as additional thereto."

To like effect was the holding in *Oats v. Bryan,* 14 N. C., 451, where bonds of a clerk and master of the Court of Equity were under consideration. See, also, C. S., 354, and cases cited thereunder.

But we are aware of no decision or statute which would make the official bond or bonds, given by an officer during one term, liable for the nonperformance of his official duties during another and different term, even though the principal and sureties be the same for both terms. The two terms are separate and distinct, and the bonds given by an officer as security for the performance of his official duties during any one term may not be held liable for derelictions occurring in another and different term, in the absence of some contract or statute imposing such liability. *Ward v. Hassell,* 66 N. C., 389. Each term, like every tub of Macklinian allusion, "must stand upon its own bottom." (Charles Macklin, "The Man of the World," Act 1, Scene 2.)

In the instant case, we are of opinion that the keeping of the bond in question alive and in full force and effect from 1916 to 1921, by the payment of annual premiums thereon, was equivalent to the execution by the defendant of two bonds in the sum of $5,000 each—one covering the latter part of Martin's first term of office from November, 1916, to the first Monday in December, 1918, and the other covering the period of his incumbency during the second term of office. The premiums paid during the second term were intended by all of the parties to purchase security for that term. This much is admitted by the petitioning de-

fendant. See correspondence set out in original opinion. A bond of not less than $5,000 for each term is required by C. S., 929. Thus it will be necessary to remand the case in order that the defalcations or misappropriations may be separated, and those occurring during the latter part of Martin's first term charged against one liability of $5,000, and those occurring during the period of his incumbency in the second term charged against another liability of $5,000.

The liability of the petitioning defendant, however, would not exceed the penal sum of $5,000 in any one term, plus interest thereon at the rate of 6 per cent per annum after judgment against the surety. C. S., 2309; *Moseley v. Johnson,* 144 N. C., p. 275; *Machine Co. v. Seago,* 128 N. C., 158. As against the principal, E. E. Martin, the plaintiffs or relators are entitled to recover, in addition to the several sums found to be detained by him, damages at the rate of 12 per cent per annum from the time of detention until paid (C. S., 357); but as against the surety, New Amsterdam Casualty Company, the maximum liability in any one term will not exceed the penalty of the bond given for that term, plus interest thereon at the rate of 6 per cent per annum after judgment against said surety. *Bernhardt v. Dutton,* 146 N. C., 206. If the judgments against the principal for defalcations or misappropriations during any one term, plus damages at the rate of 12 per cent per annum, do not exceed the penalty of the bond given for that term, the relators would be entitled to collect out of the surety the full amount of their judgments against the principal. But if the bond given for any one term be not sufficient to pay such judgments in full, the pro rata interest of each relator would be determined on the basis of the principal amount recovered plus damages at the rate of 12 per cent per annum from the time of detention by the officer up to date of settlement. That is to say, the recoveries against the principal will form the basis of computation in determining the pro rata amount which the surety will be required to pay each of the relators, should their claims in any one term exceed the ultimate liability of the surety for that term.

According to the modern weight of authority in other jurisdictions, the general rule seems to be that although the penalty of the bond fixes the limit of liability of the surety at the time liability arises thereunder, yet, if the principal or surety fail to discharge that liability when it matures, interest may be allowed on the amount from the time the liability accrues, even if the amount of recovery exceed the penalty named in the bond. 22 R. C. L., 518. As against the sureties, however, interest is allowed only from the date of notice to them of the breach, or from the date of a demand on them to make good such breach. *Dickinson v. White,* 25 N. D., 523; 143 N. W., 754; 49 L. R. A. (N. S.), 362. See valuable note to *Griffith v. Rundle,* 23 Wash., 453, as reported in 55

L. R. A., 381, where the rule is stated, with citation of authorities; and see, also, dissenting opinion of *Clark, J.,* in *Machine Co. v. Seago,* 128 N. C., p. 162. But in North Carolina, both by statute and judicial decision, the surety's liability may not exceed the penalty of the bond until judgment has been rendered against the surety. Interest may then be collected on said judgment without regard to the limit of liability named in the bond, because the nature of the demand is altered by the judgment, and under the statute such judgment would bear interest at the rate of 6 per cent per annum until paid. C. S., 2309; *Warden v. Nielson,* 5 N. C., 275; *Moseley v. Johnson, supra; Bernhardt v. Dutton, supra; Machine Co. v. Seago, supra.*

Our original opinion will be modified to the extent above indicated; the cause will be remanded, to the end that it may be heard and determined according to the usual course and practice of the court, not inconsistent with the principles announced in this opinion.

The costs of this appeal will be taxed against the defendants.

Petition allowed.