STATE EX REL. R. H. LEE ET AL. v. E. E. MARTIN AND NEW
AMSTERDAM CASUALTY CO.

(Filed 4 March, 1925.)

**Appeal and Error — Opinion of Supreme Court — Modification—Pleadings—Amendments—Principal and Surety.**

When a case has been remanded by the Supreme Court modifying a former opinion to ascertain certain defalcations on official bonds separating the liability under each bond therefor: *Held* error for the trial judge to exclude from the case on the second trial the consideration as to other defalcations; and to this end he may allow amendments to the pleadings, and such action is not excluded by the former judgment.

APPEAL by relators from *Midyette, J.,* at Fall Term, 1924, of PAMLICO.

*Z. V. Rawls for plaintiff.*
*F. C. Brinson and Ward & Ward for New Amsterdam Casualty Co.*

STACY, J. This case was before us at the Fall Term, 1923, reported in 186 N. C., 127, and again on rehearing at the Spring Term, 1924, reported in 188 N. C., 119. In the opinion filed on the rehearing, modifying the original opinion, it was said:

"There were defalcations or misappropriations on the part of the defendant Martin during his first term of office and after the execution of the $5,000 bond now in question; and in addition, there were quite a number of defalcations or misappropriations during his second term of office, but there is no finding on the record as to the exact amount of these defalcations or misappropriations during each term when considered separately." . . . "Thus it will be necessary to remand the case in order that the defalcations or misappropriations may be separ-

ated, and those occurring during the latter part of Martin's first term charged against one liability of $5,000, and those occurring during the period of his incumbency in the second term charged against another liability of $5,000."

"Our original opinion will be modified to the extent above indicated; the cause will be remanded, to the end that it may be heard and determined according to the usual course and practice of the court, not inconsistent with the principles announced in this opinion."

Under a proper interpretation of the above excerpts from our last opinion, we think his Honor was in error in holding "that the recent opinion rendered by the Supreme Court in this action is a bar to plaintiff, relators' rights to show the dates of the defalcations of the various funds, other than as set out in the record in the case as tried before the Supreme Court."

The following provision was inserted in the original order, consolidating all of the cases for trial:

"It is also ordered that such judgment as shall be framed on the two verdicts already rendered in these causes shall be so framed that any recovery had on them shall be held in the control of the court in this action until after the 1st day of February, 1923, and until the further order of this Court, so that the court may make proper orders touching the limitations of the judgment as against the defendant, New Amsterdam Casualty Company to such part of the liability as this Court may order."

The appealing relators have never had an opportunity to present their claims under a clear and proper understanding of the legal rights of the parties. It was intended, by our last opinion, that they should have such opportunity and right. This should be accorded even to the extent of allowing amendments to the pleadings, if necessary.

Let the cause be remanded for trial in accordance with the principles heretofore announced.

Error.