THE STATE ON THE RELATION OF THE BOARD OF COMMISSIONERS OF JOHNSTON
   COUNTY v. W. T. ADAMS, J. A. KEEN, THE FIDELITY AND DEPOSIT
   COMPANY AND THE MARYLAND CASUALTY COMPANY.

(Filed 11 May, 1927.)

1. **Officers—Counties—Register of Deeds—Principal and Surety—Defal-
    cation—Terms of Office—Application of Payment.**

    Where the register of deeds succeeds himself in office, and has given a
    bond indemnifying the county against loss for each of these terms with
    different sureties, and has defaulted in the payment of fees he has col-
    lected for the county during each term of office, the respective surety
    companies are liable only to the extent of the defalcation covered by the
    term in which it occurred, and without the consent or knowledge of the
    surety for the second term, the principal has no power to direct *pro
    tanto* the application of a payment he has made, collected during his
    second term of office, on the amount of his defalcation during his first
    term of office.

2. **Same—County Treasurer.**

    Where a county treasurer is directed by statute to check monthly upon
    the receipts of county funds paid to the register of deeds for fees received
    by him, and has failed in this duty for a long period of time, and thereby
    has given opportunity to the register of deeds to default in his payment
    to the county, the surety on the bond of the county treasurer conditioned
    upon his faithful performance of this duty is liable to the county for any
    loss thus sustained.

3. **Same—Equity—Subrogation.**

    Where a county treasurer has neglected to check upon the register of
    deeds as to fees received by him as such officer, in an action by the
    county against the register of deeds and the sureties on his bond, and also
    against the county treasurer and the surety on his bond, the equitable
    principle of subrogation in favor of the surety on the latter's bond has no
    application.

4. **Damages—Speculative Damages—Accounting—References.**

    Where a register of deeds has defaulted in paying over to the county
    moneys he has received as such officer, and the amount is capable of ascer-
    tainment by a reference and accounting, the recovery of this amount in
    an action against the register of deeds and his sureties is not speculative
    or remote.

APPEAL by defendants from *Cranmer, J.,* at November Term, 1926, of
JOHNSTON.   Modified and affirmed.

At February Term, 1926, of the Superior Court of Johnston County,
three actions therein pending, in which the above-named plaintiff is the
plaintiff and the above-named defendants, to wit: W. T. Adams and the
Fidelity and Deposit Company; W. T. Adams and the Maryland Cas-
ualty Company; and J. A. Keen and the Maryland Casualty Company,
are defendants, were referred by consent to Hon. J. C. Clifford.   At

the hearing before the said referee, on 26 March, 1926, these actions were consolidated for the purpose of trial and judgment. This action, resulting from such consolidation, was thereupon heard by the referee, who filed his report on 13 August, 1926, setting out therein his findings of fact and conclusions of law.

The report of the referee, together with exceptions duly filed by defendants J. A. Keen, the Fidelity and Deposit Company, and the Maryland Casualty Company, came on for hearing at the November Term, 1926, of said court; all exceptions, both to the findings of fact and conclusions of law, were overruled, and the findings of fact and conclusions of law of the referee, as set out in said report, were approved and adopted by the court.

From judgment in accordance with the report of the referee, defendants, other than W. T. Adams, appealed to the Supreme Court.

*James D. Parker and Paul D. Grady for plaintiff.*
*Ed. F. Ward for defendant J. A. Keen.*
*S. Brown Shepherd and Wellons & Wellons for defendant Fidelity and Deposit Company.*
*F. S. Spruill and Ed. S. Abell for defendant Maryland Casualty Company.*

CONNOR, J. Prior to the commencement of the actions which were consolidated by consent at the hearing before the referee, defendants W. T. Adams and J. A. Keen were register of deeds and auditor, respectively, of Johnston County, both having held their respective offices concurrently for two successive terms, each term being for two years. The surety on the official bond of W. T. Adams, register of deeds, for his first term is the Fidelity and Deposit Company; the surety on such bond for his second term is the Maryland Casualty Company. The surety on the official bond of J. A. Keen, auditor, for both his terms is the Maryland Casualty Company. Both W. T. Adams, as register of deeds, and J. A. Keen, as auditor, defaulted on their bonds for both terms. Plaintiff demands judgment that it recover of W. T. Adams, and the surety on his bond, for each term the amount of his defalcation for said term, and of J. A. Keen, and the surety on his bond, for both terms, the damages which it has sustained by reason of his default during each term.

Under the provisions of chapter 246, Public-Local Laws 1913, it was the duty of W. T. Adams, as register of deeds, during each of his terms of office, to collect and receive all the fees which belonged or appertained to his office, and to account for and pay over same to the treasurer of Johnston County; he was required by statute to pay the amounts col-

lected and received by him to the said treasurer, on the first day of each month, or within five days thereafter. He was paid a salary as full compensation for his services.

The referee found that the amount of the defalcation of W. T. Adams, as register of deeds, during his first term of office, is $3,102.45; upon this finding, and pursuant to the referee's conclusion of law thereon, judgment was rendered that plaintiff recover of W. T. Adams the sum of $3,102.45, interest and costs, and of the Fidelity and Deposit Company, surety on his bond for his first term, the sum of $5,000—the penal sum of said bond—to be discharged upon the payment of the judgment rendered against W. T. Adams, principal on said bond.

The referee further found that the amount of the defalcation of W. T. Adams, as register of deeds, during his second term of office, is $9,171.25; upon this finding, and pursuant to the referee's conclusion of law thereon, judgment was rendered that plaintiff recover of W. T. Adams the sum of $9,171.25, interest and costs, and of the Maryland Casualty Company, surety on his bond for his second term, the sum of $5,000— the penal sum of said bond—to be applied as a payment on the judgment rendered against W. T. Adams, principal on said bond.

Under the provisions of chapter 246, Public-Local Laws 1913, it was the duty of J. A. Keen, as auditor, during each of his terms, to audit the books of W. T. Adams, register of deeds, at the end of each month, to ascertain the amount due by him for fees of his office collected or received during the preceding month, and to require the said W. T. Adams, as register of deeds, to pay over such amount, within five days, to the treasurer of Johnston County; and upon the failure of said W. T. Adams to account for and to pay over such amount to the said treasurer, to report such failure to the county attorney, whose duty it was to institute action, at once, against the said W. T. Adams, and the surety on his official bond, for the recovery of the amount in default.

The referee found that J. A. Keen failed to perform the duties of his office as auditor during both his terms, with respect to the office of the register of deeds, and that by reason of such failure the defalcation of W. T. Adams, with respect to the money collected by him each month, continued and increased, resulting in loss to Johnston County, which would not have occurred had the said J. A. Keen performed his duties as auditor; upon said finding, and pursuant to the referee's conclusion of law thereon, judgment was rendered that plaintiff recover of J. A. Keen and the Maryland Casualty Company, surety on the bond for his first term, the sum of $5,000—the penal sum of said bond—to be discharged upon the payment of the judgment herein rendered against W. T. Adams and the Fidelity and Deposit Company, for the amount of the defalcation of W. T. Adams during his first term as register of

deeds, said term having been concurrent with the first term of J. A. Keen as auditor; and upon said finding, and pursuant to the referee's conclusion of law thereon, judgment was further rendered that plaintiff recover of J. A. Keen, as principal, and of the Maryland Casualty Company, as surety on his bond for his second term, the sum of $9,171.25, and interest, less such sum as shall be collected on the judgment herein rendered against W. T. Adams and the Maryland Casualty Company, surety on his bond for his second term, said term having been concurrent with the second term of J. A. Keen as auditor, the total liability of the Maryland Casualty Company, by reason of this judgment, in no event to exceed the penal sum of said bond, to wit: $5,000.

In determining the amount of the defalcation of W. T. Adams as register of deeds during his first term, the referee found that he was entitled to a credit of $3,604.60 as of 3 February, 1923, this being the amount paid by him on said date to the financial agent of plaintiff, who performed the duties of treasurer of Johnston County during both the terms of office held by W. T. Adams; this payment was made by W. T. Adams, two months after the beginning of his second term, and was applied by said financial agent pursuant to the direction of W. T. Adams on the amount of his defalcation during his first term, thus reducing the amount of such defalcation for which the Fidelity and Deposit Company, the surety on his bond for his first term, is liable. The referee found that "in making said payment of $3,604.60, W. T. Adams actually used the sum of $1,280.60, which he had collected by virtue of his office during the months of December, 1922, and of January, 1923, which months are included in his second term of office." He was accountable to Johnston County for said sum of $1,280.60 by reason of his liability under his bond for his second term. The referee concluded, as a matter of law, that "the fact that in payment of said sum of $3,604.60, the defendant W. T. Adams wrongfully used fees and public funds received by him during the first two months of his second term in the sum of $1,280.60, is immaterial, and that his first term of office is entitled to remain credited therefor."

To this conclusion of law by the referee, the defendant, the Maryland Casualty Company, surety on the bond of W. T. Adams for his second term of office as register of deeds, excepted. This exception was overruled at the hearing in the Superior Court. Said defendant assigns this as error, upon its appeal to this Court, contending that the said sum of $1,280.60, having been received by W. T. Adams during the term of his office covered by the bond upon which it is surety, and having been paid by him to the financial agent of plaintiff during said term, should be credited upon the amount for which it is liable, and not upon the amount of the defalcation during his preceding term.

In *S. v. Martin,* 188 N. C., 119, it is said in the opinion for the Court, written by *Stacy, J.:* "It is the established law of this jurisdiction that official bonds given by an officer during any one term of his office are cumulative; that is, the first bond given is liable for defaults occurring throughout the entire term, and any new bond given at a later period during the same term is an additional security for the faithful discharge of such of the duties as have not been performed at the time of its execution. . . . But we are aware of no decision or statute which would make the official bond or bonds given by an officer during one term liable for the nonperformance of his official duties during another and different term, even though the principal and sureties are the same for both terms. The two terms are separate and distinct, and the bonds given by an officer as security for the performance of his official duties during any one term may not be held liable for derelictions occurring in another and different term, in the absence of some contract or statute imposing such liability. *Ward v. Hassell,* 66 N. C., 389. Each term, like every tub of Macklinian allusion, must stand on its own bottom."

It is contended, however, that this latter principle is not applicable upon the facts of this case. The question, therefore, presented for decision is whether a public officer, holding a second term of his office, immediately succeeding a first term of the same office, who has defaulted upon bonds given by him for each term, and is by reason of such defaults indebted to the obligee of both bonds, upon separate and distinct liabilities, may direct that a payment made by him during his second term to the obligee, his creditor, with funds for which his bond for said term is liable, shall be applied to the discharge, *pro tanto,* of his liability under his bond for his first term, thereby reducing the amount for which the surety on his bond for the first term, and increasing the amount for which the surety on his bond for the second term, is liable to the obligee or beneficiary in both bonds. Is the application of such a payment made by the obligee pursuant to the direction of the principal, a public officer, binding upon the surety for the second term?

The surety has undertaken that his principal, the public officer, shall properly account for and pay over to the obligee or beneficiary of the bond all public funds which the officer shall receive and collect by virtue of his office. When these funds are accounted for and paid over to the obligee or beneficiary in accordance with the terms of the bond, the law applies them as payments on the amount for which the surety is liable. No application of such funds made by the obligee or beneficiary, although pursuant to the direction of the principal, can be binding on the surety, without his consent to such application. If at the time of such payment the obligee or beneficiary was ignorant of the source of the

funds with which the payment was made, but thereafter discovers that such funds were received and collected by the principal under a bond upon which a surety is liable, and that an application made pursuant to the direction of the principal is prejudicial to such surety, the appli-cation should be set aside, upon the demand of the surety, where, as upon the facts of this case, the said obligee or beneficiary will suffer no loss thereby. A payment made by the principal in a bond to the obligee or beneficiary therein with funds for which the bond is liable must be applied to the discharge, *pro tanto,* of the surety liable for said funds, where the obligee or beneficiary has notice at the time the payment is made of the source of the funds with which the payment is made.

We have examined with care the decisions of courts of other jurisdic-tions cited in support of the referee's conclusions of law, and of the judgment in accordance therewith. Some of the cases in which these decisions were made are distinguishable from the instant case. The controversy in those cases was between the obligee or beneficiary and the surety with respect to an application of payments in accordance with the direction of the principal, made with funds which came into the hands of the principal, a public officer, during his second term, for which the surety was liable, to a defalcation of the officer during a preceding term of the same officer, for which the surety was not liable. In those cases the contention of the surety was that he was released by such application. In the instant case, in which the sureties on the bonds for both terms are parties, the controversy is solely between such sureties as to the amount for which they are respectively liable on account of the defaults of their principal, during the term of office for which each was surety. The actions instituted upon each bond were consolidated by consent of all the parties, and as now constituted, is in effect for an accounting. There was error in overruling the exception of the Mary-land Casualty Company with respect to the application of the sum of $1,280.60; this sum should be applied by the court as a payment on the amount for which the bond for the second term is liable. The surety on the bond for the first term is not entitled to a credit on the amount of his liability for said sum.

This decision is in accordance with the law as stated in the note to be found in 21 A. L. R., at page 725. The annotator has cited and reviewed the decisions upon this question, and says: "Accordingly, pay-ments with funds properly pertaining to the term for which an official bond is given cannot, as against the sureties on that bond, be diverted to an earlier or later term; at least, if the official receiving the payment knows the source of the funds." We hold that, in an action to determine the amount for which the respective sureties on official bonds for sepa-rate and distinct terms are liable, when it appears that a payment made

by the principal, a public officer, has been improperly applied by the obligee or beneficiary, although pursuant to the direction of such officer, the court should set aside such application. Payments made with funds received or collected by the officer should be applied upon the amount of his indebtedness for the term during which such funds were collected. This is just, and cannot result in wrong to any interested party to the action.

We find no error in the judgment with respect to the application of the sum of $2,906.35, paid by W. T. Adams to the financial agent of plaintiff on 29 November, 1924. This sum was paid by check drawn on the bank with which W. T. Adams deposited the funds received and collected by him, from time to time, as register of deeds. It was paid during his second term, with funds collected during said term, and was properly applied in the judgment upon the amount due by W. T. Adams as register of deeds for his second term.

The referee expressly finds that no direction was given by W. T. Adams as to the application of this payment. The fact that the proceeds of a note discounted by the bank for W. T. Adams were deposited to the credit of his account, upon which the check was drawn, and to which it was charged by the bank, is immaterial, in view of the finding by the referee that there were funds to the credit of said account at the time the check was drawn sufficient to pay the check, which were collected during the second term.

The contention of the defendant, the Fidelity and Deposit Company, with respect to the application of this payment, made in the judgment, in accordance with the referee's finding of fact and conclusion of law, is not sustained.

Nor is there error in the judgment against J. A. Keen and the surety on his bonds as auditor, as contended by defendant, the Maryland Casualty Company. His defaults in the performance of the duties of his office during both his terms, with respect to the office of register of deeds, will necessarily result in loss to Johnston County if W. T. Adams is insolvent, and the judgments rendered against him cannot be collected. The liability of the surety on his bond for each of his terms is limited to the penal sums of said bonds, to wit: $5,000. This sum was sufficient to protect the county from loss on account of any default by the register of deeds, with respect to money collected and received by him by virtue of his office during any month of either of his terms, and in his hands at the end of such month, when he was required by law to settle with the treasurer or financial agent of the county. If the auditor had performed his duties as prescribed by law, the amount for which the register of deeds and the surety on his bond was liable would never have exceeded the penal sum of the bond. As the result of

the defaults of the auditor, the defalcation of the register of deeds continued from month to month, increasing in amount. The loss or damage that will be sustained by the county, in the event that it fails to collect the judgments recovered against W. T. Adams·and the sureties on his bonds, is easily ascertained. It is not speculative or remote. Such loss or damage is easily ascertained by a simple calculation. The contention of defendant, the Maryland Casualty Company, with respect to the judgments against J. A. Keen and his surety is not sustained.

Other assignments of error have been carefully considered. They cannot be sustained. The principle of subrogation invoked by defendant, the Fidelity and Deposit Company, cannot be applied upon the facts of this case. Plaintiff has in hand no additional security for the amount for which this defendant is liable under the terms of the bond as surety. The amount which plaintiff will collect on its judgment against J. A. Keen and his surety, the Maryland Casualty Company, for his first term as auditor cannot be determined until it has first collected its judgment against W. T. Adams and the Fidelity and Deposit Company, his surety on his first term as register of deeds.

As modified in accordance with this opinion, with respect to the application of the payment of the sum of $1,280.60, the judgment is

Affirmed.