The above entitled cause, now pending in the Superior Court of Pitt County, was heard on the petition of Gurney P. Hood, Commissioner of Banks, for an order advising and instructing him with respect to the payment of dividends out of the assets of the Bank of Ayden, an insolvent banking corporation, now in his hands for liquidation, to the creditors and depositors of said bank.
The University of North Carolina was permitted to intervene in the cause, and to file a petition, setting out its contentions with respect to unclaimed dividends, if there shall be any, under the provisions of chapter 546, Public Laws of North Carolina, 1933.
The Bank of Ayden closed its doors and ceased to do business on 30 November, 1927, because of its insolvency. All of the assets of *Page 822 
said bank came into the possession of the Corporation Commission of North Carolina, and subsequently into the possession of the petitioner, Gurney P. Hood, Commissioner of Banks, as the statutory successor of said Corporation Commission, for liquidation as provided by statute. The said assets have been fully liquidated, and after the payment of the costs and expenses incurred in the liquidation, and of dividends to creditors and depositors of the bank, there is now in the hands of the petitioner, the sum of $4,129.58, for distribution to creditors and depositors of said bank, according to their respective rights.
Notice was given as provided by statute to all creditors and depositors of the Bank of Ayden that each of them was required to prove and file his claim against said bank, within ninety days after 2 January, 1928. Pursuant to this notice, claims aggregating the sum of $165,057.26 were proven and filed before the expiration of said ninety days. A dividend of 10 per cent was declared and paid out of the assets of said bank, on these claims. Thereafter, unsecured claims aggregating the sum of $1,438.79, and secured claims aggregating the sum of $16,700.26, were proven and filed. A second dividend of 10 percent was then declared and paid out of the assets of said bank on all claims against said bank, both those proven and filed before, and those proven and filed after the expiration of said ninety days. This dividend, together with the sums realized from the sale of the securities, was sufficient to pay and did pay in full the secured claims against said bank. Thus, creditors and depositors who proved and filed their claims before the expiration of the ninety days have been paid out of the assets of said bank, 20 per cent of their claims, while creditors and depositors who proved and filed their claims, after the expiration of said ninety days, have been paid out of said assets only 10 per cent of their claims.
The total indebtedness of the Bank of Ayden to creditors and depositors, who have neither proved, nor filed their claims against said bank, amounts to $5,365.35. This indebtedness was recognized by said bank at the time it closed its doors and ceased to do business. No dividend has been declared or paid on the amount of this indebtedness.
The proceeds of the liquidation of the assets of the Bank of Ayden are not and will not be sufficient to pay in full the claims of its creditors and depositors.
On these facts alleged in the petition of Gurney P. Hood, Commissioner of Banks, and admitted in the petition of the University of North Carolina, it was ordered by the court:
"1. That Gurney P. Hood, Commissioner of Banks and statutory receiver of the Bank of Ayden, be and he is hereby authorized and directed: *Page 823 
(a) To file in the office of the clerk of the Superior Court of Pitt County at Greenville a list showing all liabilities of the Bank of Ayden admitted as such before the bank closed but for which no claimant has filed claim;
(b) To pay any expense of liquidation heretofore approved by the court as such, and to present a statement of any other expense for approval, and to pay the same when and if approved; to prepare and file his final account showing the balance available for distribution to creditors, such distribution to be made in accordance with the instructions of the court in the following paragraphs;
(c) To pay to the clerk of the Superior Court of Pitt County the first dividend of 10 per cent which has not yet been paid to the creditors listed in Exhibit `A,' attached to the petition of Gurney P. Hood, Commissioner of Banks (these are the creditors who proved and filed their claims after the expiration of ninety days from 2 January, 1928), and a 20 per cent dividend on the bank's liability to those depositors and other creditors who have not filed their claims, but liability for which was recognized by the bank before it closed.
(d) To distribute any balance then remaining pro rata to all the creditors of the bank not yet satisfied whether such creditors have filed claim or not, but where any such creditors have not filed their claim the pro rata payments are not to be made to them but to the clerk of the Superior Court of Pitt County.
(e) To cause to be published once each week for four weeks in a newspaper published in Pitt County, a notice to creditors owning balances in said Bank of Ayden which were recognized as a valid liability by such bank before it closed, but for which no claim has been filed, that a list of such creditors is filed in the office of the clerk of the Superior Court of Pitt County at Greenville, that a fund is being paid to the clerk of the Superior Court of Pitt County representing the pro rata dividends of such claims, that the clerk of the Superior Court will hold this fund for a period of three months from the time of the filing of the final report in this matter, and calling upon such creditors to take such action in the premises as they may be advised.
(f) Then to proceed to file the final report to the court provided in subsection 18, section 218(c), of Consolidated Statutes as amended."
The petitioner, Gurney P. Hood, Commissioner of Banks, excepted to the foregoing order, and appealed therefrom to the Supreme Court.
We find no error in the order of Judge Daniels, in this cause.
The effect of the order is to authorize and direct the Commissioner of Banks, in order that he may complete the liquidation of the Bank of Ayden, and file his final account as its statutory receiver, and thereby be discharged of all liability as such receiver, after paying all the costs and expenses of the liquidation, to declare a dividend out of the assets then remaining in his hands, on the claims of all the creditors and depositors of said bank, without regard to the fact that some of said claims have not been proven and filed, and without regard to the further fact that some of said claims were proven and filed prior to, and others subsequent to the expiration of the time fixed by the notice for the presentation of claims. It is ordered, however, that these dividends shall not be paid to such creditors and depositors, but to the clerk of the Superior Court of Pitt County, who is directed to hold said dividends for a period of three months. During this period conflicting contentions of creditors and depositors may be heard and decided. At the expiration of the period of three months, if there shall be in the office of the clerk of the Superior Court any unclaimed dividends, the contention of the University of North Carolina, with respect to its rights to such dividends, under chapter 546, Public Laws, 1933, may be heard and decided. The order is
Affirmed.