This action was begun in the Superior Court of Beaufort County on 7 November, 1935.
On the facts alleged in the complaint, the plaintiff Clifton Windley prays judgment that he recover of the defendants D. W. Lupton, deputy sheriff of Beaufort County, and American Surety Company of New York, surety on the official bonds of the sheriffs of said county, by whom *Page 168 
the said D. W. Lupton was appointed deputy sheriff, the sum of $224.00, and interest on the sum of $260.00 from 26 January, 1932, until 1 December, 1934, at the rate of 12 per cent, and interest on the sum of $224.00 from 1 December, 1934, until paid, at the rate of 12 per cent, and the costs of the action.
After the complaint was filed, on motion of the defendants D. W. Lupton and American Surety Company of New York, Gurney P. Hood, Commissioner of Banks, and Thad Eure, Escheat Officer, were made parties defendant to the action on 13 December, 1935.
In their answer the defendants D. W. Lupton and American Surety Company of New York admitted the material allegations of the complaint, and on the facts alleged in their cross action against their codefendants, Gurney P. Hood, Commissioner of Banks, and Thad Eure, Escheat Officer, prayed judgment that they recover of their said codefendants such sum or sums as the plaintiff should recover of them, or of either of them, in this action.
After he had filed an answer to the cross action alleged against him in the answer of his codefendants D. W. Lupton and American Surety Company of New York, the defendant Gurney P. Hood, Commissioner of Banks, moved that the action of the plaintiff and the cross action of his codefendants be dismissed as to him. The motion was allowed, and both the action of the plaintiffs and the cross action of the defendants D. W. Lupton and American Surety Company of New York was dismissed as to the defendant Gurney P. Hood, Commissioner of Banks.
After he had filed an answer to the cross action alleged against him in the answer of his codefendants. D. W. Lupton and American Surety Company of New York, the defendant Thad Eure, Escheat Officer, moved that the action of the plaintiff and the cross action of his codefendant be dismissed as to him. The motion was denied and the defendant Thad Eure, Escheat Officer, duly excepted.
When the action was called for trial, a trial by jury of the issues raised by the pleadings was waived by the parties. It was agreed by them that the court should hear the evidence and find the facts. In accordance with this agreement, the court heard the evidence and found the facts to be substantially as follows:
1. On or about 1 April, 1931, the defendant D. W. Lupton, a deputy sheriff of Beaufort County, under a criminal warrant in his hands, arrested one Willie Daw, and held him in custody under said criminal warrant pending the trial of the action in which the warrant was issued.
2. While the said Willie Daw was in the custody of said defendant D. W. Lupton, the plaintiff Clifton Windley drew his check on the Bank of Washington for the sum of $400.00. The said check was payable to the order of the said D. W. Lupton and was accepted by him in *Page 169 
lieu of bond for the appearance of Willie Daw at the trial of the criminal action in which the warrant had been issued. Upon his acceptance of said check, the defendant D. W. Lupton released the said Willie Daw from custody.
3. The defendant D. W. Lupton endorsed the check delivered to him by the plaintiff and deposited it with the Farmers Bank of Belhaven, on 29 April, 1931, for collection. The check was duly forwarded by the Farmers Bank of Belhaven to the Bank of Washington, and was paid by the Bank of Washington on 4 May, 1931. The amount of said check was charged by the Bank of Washington to the account of the plaintiff Clifton Windley, and was duly remitted to the Farmers Bank of Belhaven, and by said Farmers Bank credited to the account of the defendant D. W. Lupton. No notice was given by said Farmers Bank to the said D. W. Lupton that the check had been paid by the Bank of Washington, or that its amount had been credited to his account with the Farmers Bank of Belhaven.
4. On or about 20 May, 1931, the Farmers Bank of Belhaven closed because of its insolvency, and Gurney P. Hood, Commissioner of Banks, took possession of said Farmers Bank for the purpose of liquidating its assets, as required by statute, and at once entered upon such liquidation.
5. After the said Gurney P. Hood, Commissioner of Banks, had taken possession of the Farmers Bank of Belhaven, the defendant D. W. Lupton was informed that plaintiff's check for $400.00, payable to his order, had been paid by the Bank of Washington, and that the amount of said check had been credited to his account. Immediately upon learning that the amount of said check had been credited to his account by the Farmers Bank of Belhaven, prior to its insolvency, the defendant D. W. Lupton informed the liquidating agent of Gurney P. Hood, Commissioner of Banks, of all the facts with reference to his deposit of said check with the said Farmers Bank of Belhaven. He was advised by said liquidating agent to file a claim for the amount due him by the said Farmers Bank, as a depositor, including the sum of $400.00, the proceeds of the check which he had deposited with said bank for collection. In accordance with said advice, and pursuant to the instructions of said liquidating agent, the defendant D. W. Lupton, on 13 June, 1931, filed with Gurney P. Hood, Commissioner of Banks, his claim against the Farmers Bank of Belhaven, for the sum of $907.83. This claim was duly allowed by the said Gurney P. Hood, Commissioner of Banks, as a common claim against the Farmers Bank of Belhaven, and a certificate to that effect was duly issued to the defendant D. W. Lupton by the liquidating agent of the said Gurney P. Hood, Commissioner of Banks.
6. At January Term, 1932, of the Superior Court of the Beaufort County, an order was entered in the action entitled "State v. Willie Daw," then *Page 170 
pending in said court, that the defendant D. W. Lupton return to the plaintiff Clifton Windley the sum of $400.00, paid to him by the said Windley in lieu of an appearance bond for the said Willie Daw.
7. On or before 1 December, 1934, Gurney P. Hood, Commissioner of Banks, paid to the defendant D. W. Lupton, as dividends on his claim against the Farmers Bank of Belhaven, the sums of $140.00, and $36.00, which were promptly paid by the defendant D. W. Lupton to the plaintiff Clifton Windley, on account of the amount deposited with him by the plaintiff in lieu of an appearance bond for Willie Daw.
8. The defendant American Surety Company of New York was the surety on the official bond of the sheriff of Beaufort County, at the date of the receipt by the defendant D. W. Lupton from the plaintiff of the sum of $400.00, and also at the date of the order of the judge of the Superior Court of Beaufort County that said defendant return said sum to the plaintiff. At both dates, the defendant D. W. Lupton was a duly appointed deputy sheriff of Beaufort County.
9. The liquidation of the Farmers Bank of Belhaven was completed by Gurney P. Hood, Commissioner of Banks, prior to 27 May, 1935, and the sum of $1,170.40, then in his hands as the aggregate amount of dividends due to persons who had failed to file their claims, was paid by him into the office of the clerk of the Superior Court of Beaufort County, as required by statute.
On 27 May, 1935, the clerk of the Superior Court of Beaufort County delivered to the defendant Thad Eure, as agent of the University of North Carolina, his check on the Bank of Washington for the sum of $1,170.40. This check was payable to the University of North Carolina. The amount of the check is held by the University of North Carolina as provided by section 5786 of the Consolidated Statutes of North Carolina.
On the foregoing facts, the court was of opinion that the defendant D. W. Lupton was entitled to the payment of his claim for $400.00 against the Farmers Bank of Belhaven as a preferred claim, and so adjudged.
On the foregoing facts, the court was further of the opinion that under the provisions of section 357 of the Consolidated Statutes of North Carolina the plaintiff is entitled to recover of the defendant D. W. Lupton and of the defendant American Surety Company of New York, interest at the rate 12 per cent on the sum received from the plaintiff by the said D. W. Lupton as deputy sheriff.
Accordingly, it was ordered and adjudged by the court:
(1) That the plaintiff recover of the defendant D. W. Lupton, as principal, and of the defendant American Surety Company of New York, as surety, the sum of $224.00, and interest on the sum of $260.00 *Page 171 
from 26 January, 1932, until 1 December, 1934, at the rate of 12 per cent per annum, and interest on the sum of $224.00 from 1 December, 1934, until paid, at the rate of 12 per cent per annum, together with the costs of his action, to be taxed by the clerk.
(2) That the defendants D. W. Lupton and American Surety Company of New York recover of the defendant Thad Eure as Escheat Officer of the State of North Carolina, the sum of $224.00, with interest on said sum from 27 May, 1935, until paid, at the rate of 6 per cent per annum, together with the costs of their cross action, to be taxed by the clerk.
The defendant Thad Eure, Escheat Officer, appealed from the judgment to the Supreme Court, assigning errors in the trial and in the judgment.
Subsection 18 of section 218 of the Consolidated Statutes of North Carolina, as amended by chapter 113, Public Laws of North Carolina, 1927, now reads as follows:
"If the assets of any bank, when fully collected by the Commissioner of Banks, are not sufficient to pay the depositors and creditors of said bank, the Commissioner of Banks, after he shall have fully distributed as herein provided the sums so collected, then he shall cause to be filed in the office of the clerk of the Superior Court in the pending action a full and complete report of all his transactions in said liquidation; and the filing of such report shall act as a full and complete discharge of the Commissioner of Banks from all liabilities by reason of the liquidation of the bank."
In the instant case, Gurney P. Hood, Commissioner of Banks, had fully completed the liquidation of the Farmers Bank of Belhaven, and had finally distributed all its assets in his hands among the depositors and creditors of said Farmers Bank, by dividends apportioned to each claim, prior to the commencement of this action. He had filed his report as required by statute, and was therefore discharged of any further liability to the defendant D. W. Lupton on account of his claim against the Farmers Bank of Belhaven. For this reason, the cross action of the defendants D. W. Lupton and American Surety Company of New York was properly dismissed as to Gurney P. Hood, Commissioner of Banks. *Page 172 
After the said cross action had been dismissed as to Gurney P. Hood. Commissioner of Banks, the court had no jurisdiction of the cross action against the defendant Thad Eure, Escheat Officer. C. S., 218, subsection 22. There was error in the refusal of the court to allow the motion of the defendant Thad Eure, Escheat Officer, that the cross action be dismissed as to him.
In no event were the defendants D. W. Lupton and American Surety Company of New York entitled to judgment against the defendant Thad Eure, Escheat Officer, on the facts found by the court. The money paid to Thad Eure as Escheat Officer and agent of the University of North Carolina, was not an asset of the Farmers Bank of Belhaven, subject to the claim of the defendant D. W. Lupton. It was the aggregate amount of dividends apportioned to claimants against said Farmers Bank and is held by the University of North Carolina, subject to the payment of their claims. C. S., 5786. In re Bank of Ayden, 206 N.C. 821, 175 S.E. 177.
The judgment in this action against the defendant Thad Eure, Escheat Officer, is
Reversed.