PEEBLES *v.* BOONE.

H. B. PEEBLES v. JAMES D. BOONE et al.

*Superior Court Clerk—Duty of, to Successor in Office—*
*Misjoinder of Causes of Action, What is not.*

1. The right of a Clerk of the Superior Court to bring an action against his predecessor on the latter's official bond to recover the records, moneys, etc., in his hands, does not rest on any injury done to the plaintiff, but on the ground that the law [Section 81 of *The Code*] requires that each successive clerk shall receive from his predecessor all the records, moneys and property of his office.

2. Section 1883 of *The Code* is not repugnant to the provisions of Section 81, but only gives an additional remedy for the benefit of individuals who have cause of complaint against an unfaithful clerk of the Superior Court.

3. A person duly elected Clerk of the Superior Court by the people needs no order from any person or authority to demand from his predecessor the property of all kinds belonging to the office, nor is it necessary for a retiring Superior Court Clerk to be ordered to pay over to his successor, whether elected or appointed, the funds, etc., of the office.

4. There is no misjoinder of causes of action where, in a suit by a Clerk of a Superior Court against his predecessor to recover the funds of the office, the complaint alleges separate and distinct causes of action for the benefit of separate and distinct persons or classes of persons.

CIVIL ACTION heard before *Armfield, J.*, on complaint and demurrer, at August Term, 1894, of NORTHAMPTON Superior Court. His Honor overruled the demurrer on all the grounds specified and defendants appealed. The facts are stated in the opinion of Associate Justice MONTGOMERY.

*Mr. R. B. Peebles*, for plaintiff.
*Mr. B. S. Gay*, for defendants (appellants).

MONTGOMERY, J. : James D. Boone, having been Clerk of the Superior Court of Northampton County, resigned his said office about the 7th of December, 1883. On the next day the Judge of the district appointed H. B. Peebles Boone's successor for the unexpired term, ending the first Monday of December, 1886, Peebles, on the day of his appointment, giving bond according to law and entering upon the discharge of his duties as Clerk aforesaid. Peebles, at once, after qualification as Clerk, demanded of Boone that he pay over to him all moneys which the said Boone held by virtue or under color of his office and all other effects which went into his hands as such clerk. Boone refused to do so. Peebles as relator of the State brought this action in the Superior Court of Northampton County against Boone and the sureties on his official bonds, the complaint alleging

breaches of the bonds, charging that the said Boone as clerk, had received from his predecessor in office, upon his retirement, large sums of money belonging to different persons, naming them, and bonds and notes for large amounts payable to his predecessor in office, and his successors and to different individuals, and had neglected to collect a great deal of money which he ought to have collected. Since the commencement of this action the term of the office of Peebles has expired and J. F. Buxton has been elected Clerk of the Superior Court of Northampton County and has been made party plaintiff in this case in the place of Peebles. An account against Boone is asked for as to the matters set out in the complaint. The defendants demurred to the complaint and assigned six special grounds therefor. His Honor overruled all the grounds of demurrer and allowed the defendants to answer over, from which judgment the defendants appealed.

The first ground is, "that the complaint fails to show that the relator of the plaintiff has been damaged or injured by the failure of the defendant, J. B. Boone, to collect or pay over the amounts mentioned in section six, seven, nine, ten and twelve of the complaint, to said relator." These sections, six, seven, nine, ten and twelve, of the complaint, contain the charges of the defendants having received large amounts of money, valuable bonds, and neglecting to collect others that were collectable. Injury to the incoming Clerk, Peebles, had nothing to do with the right of that officer through the State, to bring this suit. Section 81 of *The Code* required Peebles, the new Clerk, immediately after giving bond and qualification, to receive from the late Clerk, the defendant, all the records, books, papers, moneys and property of his office; and this same section provides that if any (late) Clerk shall refuse or fail within a reasonable time after demand, to

PEEBLES *v.* BOONE.

deliver to the clerk said things demanded of him, he shall be liable on his official bond for the value thereof. The right of the Clerk, Peebles, to bring this action therefore does not rest on any injury done to him, but on the ground that the law requires that each successive clerk shall receive from the retiring clerk all the records, books, papers, moneys and property of his office, in order that the business of the Clerk of the Superior Court may be conducted intelligently, systematically and economically. Section 1883 of *The Code*, to which our attention was particularly directed by the attorney of the defendant, is only an additional remedy for the benefit of individuals who think they have suffered at the hands of unfaithful clerks, and is not repugnant to section 81 of *The Code*. This ground of demurrer is overruled.

The second ground is "that the complaint fails to state a cause of action, in that it fails to show that there was any proper order of the Court requiring the former Clerk, N. R. Odom, to pay over the funds mentioned in section 6 of the complaint to the defendant James D. Boone as Clerk of said Court." No such order was necessary in this case. Section fourteen of Chapter nineteen of *The Revised Code* is brought forward into *The Code*, and is section 124 thereof. This section concerns forfeitures *only* in case of the refusal of the Clerk to do what is required to be done in section 81 of *The Code*. Its proper construction is that former Clerks, for whatever cause retiring, shall transfer and deliver to their successors in office all the things personal which were in their hands upon retirement from office, under a forfeiture of one thousand dollars; and no order from a Judge is necessary to compel the former Clerk to make this transfer to the new Clerk. If, however, in vacancies in this office of Clerk, the Judge, before he makes the appointment of a new Clerk, sees fit to tem-

porarily put some person in charge of the office until the regular appointment is made, it is then in such a case necessary for the new Clerk to have an order from the Judge, directed to the person temporarily in charge of the office, to deliver the possessions of the office to the new Clerk. A person duly elected Clerk of the Superior Court by the people needs no order from any power or authority to demand from the old Clerk the property of all kinds belonging to the office. This ground of demurrer is over-ruled.

The third ground is "that the complaint fails to state a cause of action, in that it fails to show that James D. Boone as Clerk of said Court was required by any proper order of said Court to pay over said funds or any of them to the relator." For the reasons stated in overruling the second cause of demurrer, this ground is overruled.

The fourth ground is " That it fails to state a cause of action, for that it fails to show that the relator is the owner or entitled to receive the funds." This is overruled for the reasons given in overruling the first ground of demurrer.

The fifth ground is "That there is a misjoinder of causes of action, for that the several causes of action in sections six, seven, nine, ten and twelve are improperly united, the same and each being separate and distinct causes of action, and for the benefit of separate and distinct persons." This is overruled for the same reasons given in overruling the first ground of demurrer.

The sixth ground is " For that the former clerk, the defendant J. B. Boone, and his sureties the other defendants, cannot be sued on the relation of his successor in office for the causes of action alleged in the complaint, or any of them." This is overruled for the reasons set forth in overruling the other five grounds of demurrer.

There are no errors in the rulings of His Honor in over-

ruling the several grounds of demurrer, and the judgment is affirmed. The case will be remanded to the Superior Court of Northampton to be proceeded in according to law.

Affirmed.