The action was to recover an amount of interest claimed to be due on an account for goods sold and delivered, the principal money having been closed by defendant's notes, which were subsequently paid. The facts relevant to closing account by defendant's notes for principal are stated in case on appeal as follows:
"On 30 October 1914, defendant owed to plaintiff the sum of $1,485.96 as the principal on past due bills and two or three bills which would mature some time during the month of November thereafter; and on said 30 October 1914, defendant C. D. Taylor Co. executed to plaintiff five notes at Valle Cruces, N.C. in the plaintiff's absence, the said plaintiff being at Elizabethton, Tenn.; five notes for the aggregate sum of the principal, $1,485.96, which notes were afterwards paid."
Verdict and judgment for plaintiff for $86.59 and interest accrued on account, and defendant excepted and appealed.
The decisions in this State are to the effect that, when interest on a moneyed demand is stipulated for as a part of the agreement, it is as much a part of the debt as the principal money, and a payment of the principal will not annul the claim for the interest (38) unless such payment has been received and accepted in satisfaction of the entire claim as provided for in section 859 of the Revisal. When there is no agreement for interest, and the charge is imposed by way of damages for failure to pay the principal sum *Page 41 
when due, the payment of the principal is held to "bar an action for the interest." This distinction is clearly pointed out and approved in King v.Phillips, 95 N.C. 245, and, on the record, we consider that case as decisive of the present appeal.
There was evidence on the part of plaintiff tending to show that this account was made for goods sold and delivered; that the contract between the parties was that on bills paid at maturity there should be a discount of 1 per cent and on bills past due there should be an interest charge at the rate of 6 per cent.
There was evidence of defendant to the contrary, but the jury have accepted plaintiff's version of the matter, and, under the authority cited, the recovery in his favor must be upheld.
No error.
Cited: Bank v. Insurance Company, 209 N.C. 19; Hood v. Smith,226 N.C. 574.