This was an action to recover interest upon a fund derived from an insurance policy.
By consent, the case was submitted to the court without a jury. The facts agreed were substantially as follows:
That on or about 18 July, 1930, the defendant executed and delivered to Charles Felix Harvey, Jr., its contract of insurance, by which it contracted to pay to the beneficiaries named therein the sum of twelve thousand dollars ($12,000) immediately upon receipt of due proof of the death of Charles Felix Harvey, Jr., during the continuance of said contract.
That on 20 August, 1931, the said insurance policy was assigned to the North Carolina Bank and Trust Company as trustee, and in accordance with the terms and conditions of the trust deed, notice of which was given to the defendant. That on or about 30 September, 1932, the trust agreement aforesaid was canceled and terminated, in accordance with its terms and provisions, and said contract of insurance and the proceeds thereof were assigned to the North Carolina Bank and Trust Company and Leo H. Harvey, Jr., as trustees by a new trust agreement in writing, but defendant had no notice thereof until 20 February, 1933, on or before which date due proof of death had been made. *Page 18 
That Charles Felix Harvey, Jr., the assured, died on 29 January, 1933, while said contract of insurance was in full force and effect; that on 7 February, 1933, the defendant received the proof of death forms from the assistant trust officer of the North Carolina Bank and Trust Company at Raleigh, N.C.; that on 9 February, 1933, the local office of defendant received from its home office a check for the total amount due under said policy, which check was payable to the North Carolina Bank and Trust Company, as trustee under the deed of trust dated 20 August, 1931; that this check was transmitted to the claims representative of defendant at Goldsboro, N.C. That on or about 20 February, 1933, defendant's representative for the first time learned that the trust agreement dated 20 August, 1931, was not in force; that it had been canceled and a new trust agreement executed in favor of the North Carolina Bank and Trust Company and Leo H. Harvey, Jr., trustees, dated 30 September, 1932; that thereupon the check or draft which had been issued by the defendant in payment of the insurance provided for in said policy, and which was payable to the North Carolina Bank and Trust Company, was returned to defendant by its agent at Goldsboro; that thereupon, on 20 March, 1933, the local office of defendant received from its home office a correct check payable to the North Carolina Bank and Trust Company and Leo H. Harvey, Jr., in trust under the deed of trust dated 30 September, 1932; that on 3 March, 1933, the North Carolina Bank and Trust Company, one of the trustees named in the second trust agreement, was insolvent, and voluntarily subjected itself to the orders and control of the Bank Commissioner of the State of North Carolina; that on 4 March, 1933, a bank holiday was declared and the North Carolina Bank and Trust Company was closed and did not reopen thereafter for unrestricted business. That thereafter, by orders of the Commissioner of Bank, s dated 3 March, 7 March, 20 March, and 22 April, the said bank was permitted to operate under restrictions, with authority to the trust department to continue to act as trustee, provided no funds should be disbursed, and that any fund received for benefit of such trusts after close of business on the last day of unrestricted operation should be held in a special trust account. That thereafter the liquidation of the North Carolina Bank and Trust Company proceeded, and on or about 1 September, 1933, the plaintiff Security National Bank was organized and began business on 1 September, 1933; that the Security National Bank was licensed to act as trustee by the Federal Reserve Board on 15 September, 1933, and by the North Carolina Commissioner of Banks on 26 September, 1933; that thereafter the Security National Bank requested that the amount of this policy be paid to it; whereupon, on 15 February, 1934, a petition was filed by the plaintiffs herein, alleging that the North Carolina Bank and Trust *Page 19 
Company was insolvent, was being liquidated, and was not in position to act as cotrustee under the trust agreement, and asking the appointment of a new trustee. Whereupon, on 1 March, 1934, by order, the Security National Bank, the plaintiff herein, was appointed cotrustee of the estate of Charles Felix Harvey, Jr., with the right and power to receive the assets of said estate; that on 10 May, 1934, the defendant received notice the Security National Bank had been appointed successor trustee of the North Carolina Bank had been appointed successor trustee of the North Carolina Bank and Trust Company in the above entitled matter; that on 22 May, 1934, the defendant paid to the Security National Bank of Greensboro and Leo H. Harvey, trustees, the amount of eleven thousand six hundred twenty-two dollars and seventy-three cents ($11,622.73), the face value of the policy, less a loan of three hundred eighty-three dollars and ninety-two cents ($383.92), which had been negotiated by the assured; that tender of this amount was not, theretofore, made by defendant. The plaintiffs claim that they are entitled to interest on $11,622.73 from 7 February, 1933, until 21 May, 1934, amounting to nine hundred dollars and seventy-five cents ($900.75), together with interest thereon from 21 May, 1934. The defendant contends that it is not liable for the interest claimed, nor any part thereof.
From the facts agreed, the court below was of the opinion the defendant had paid the insurance within a reasonable time, and rendered judgment that the plaintiffs were not entitled to recover the interest sued for. From this judgment the plaintiffs appealed.
From the facts agreed, it is apparent the defendant insurance company was not relieved of the duty to make payment immediately upon receipt of proof of death of the insured in accordance with the terms of the policy, and it is therefore liable for interest on the fund retained by it.
The fact that the money was due under the terms of the policy, and that it was retained by the defendant, entitled the beneficiaries to interest under the statute. C. S., 2309; Bond v. Cotton Mills, 166 N.C. 20.
There was no controversy as to the amount recoverable, and the defendant held the fund and had the use of the money long after it was due and payable. A debt draws interest from the time it becomes due. When interest is not made payable on the face of the instrument, it is in the nature of damages for the retention of the principal debt. King v. Phillips,95 N.C. 246; Grocery Co. v. Taylor, 175 N.C. 37.
For the reasons given, the judgment of the court below must be
Reversed. *Page 20