PASQUOTANK COUNTY; W. O. ETHERIDGE, W. L. THOMPSON, J. D. HATHAWAY, JR., W. T. LOVE, SR., J. C. JENNINGS, E. P. CARTWRIGHT, J. H. PERRY, BEING AND CONSTITUTING THE BOARD OF COMMISSIONERS FOR PASQUOTANK COUNTY; DAN W. MORGAN, A. W. STANTON, AND W. G. COX, BEING AND CONSTITUTING THE COUNTY BOARD OF EDUCATION FOR PASQUOTANK COUNTY; AND THE FIRST AND CITIZENS NATIONAL BANK OF ELIZABETH CITY, N. C., FINANCIAL AGENT OF PASQUOTANK COUNTY, v. GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. SAVINGS BANK AND TRUST COMPANY OF ELIZABETH CITY; H. G. KRAMER, TRUSTEE, AND W. O. CRUMP, SUBSTITUTE TRUSTEE.

(Filed 26 February, 1936.)

**1. Estoppel C b—Held: Bank receiver was estopped by his conduct from denying validity of pledge by the bank.**

The cashier and president of a bank pledged certain securities to secure county funds which the bank had on deposit in its official capacity of county treasurer. Upon the insolvency of the bank, the county and the statutory receiver treated the securities, in the course of liquidation, as having been validly pledged to the county. *Held:* The receiver is estopped by his conduct from denying the validity of the pledge on the ground that the pledge of the securities had never been authorized by the board of directors of the bank nor accepted by the board of county commissioners.

**2. Banks and Banking H e: Public Officers C b—Penalty provided by C. S., 357, held inapplicable to demand against bank receiver for county funds held by the bank in capacity of county treasurer.**

A bank which had been duly acting as county treasurer became insolvent and closed its doors. At the time of its closing, the bank had on deposit funds of the county which it had secured by the pledge of certain securities to the county in lieu of bond. The securities were liquidated by the statutory receiver, together with all assets belonging to the bank, and an amount collected thereon sufficient to pay all depositors and creditors of the bank, including the county, the full amount of their respective claims, plus six per cent interest. The county demanded interest on the amount due it at the rate of twelve per cent, under C. S., 357, which provides that upon the wrongful detention of public funds by a public officer such officer should be liable for the sum due, plus interest thereon at twelve per cent. *Held:* C. S., 357, is not applicable, and the county is not entitled to the penalty, since the statute contemplates the payment of the penalty by a public officer wrongfully withholding public funds, whereas, under the facts of this case, the penalty would fall upon innocent stockholders whose stock assessments helped contribute, and since the withholding of the funds by the statutory receiver in the course of liquidation was not an unlawful detention as contemplated in the statute.

APPEAL by defendant Commissioner of Banks from judgment rendered by *Cranmer, J.,* at Spring Term, 1935, of PASQUOTANK. Modified and affirmed.

This was an action to recover certain county and school funds of Pasquotank County, and for damages for the unlawful detention thereof at the rate of 12 per cent per annum, from Gurney P. Hood, Commissioner of Banks, on the relation of Savings Bank and Trust Company of Elizabeth City, N. C. It was heard by the court below on agreed statement of facts.

It appears that from 1928 to 1 December, 1930, the Savings Bank and Trust Company (hereinafter called the bank), was the duly qualified and acting financial agent of Pasquotank County (Public-Local Laws 1915, ch. 61), and gave corporate surety bond for the faithful performance of its duties as such; that on 1 December, 1930, it applied for and was reëlected to the same position. No surety bond was given under the last appointment, and on 18 December, 1930, the president and cashier of the bank, pursuant to an agreement with the chairman of the board of county commissioners, entered into in good faith, segregated certain securities of the bank of the face value of $41,900, and turned same over to the county, and they were placed in a lock box in the bank, as security for the funds of the county and the board of education, which were held by and on deposit in said bank. The individual key to said lock box was delivered to the register of deeds of the county, *ex officio* secretary of the board of county commissioners.

That on 19 December, 1930, the bank closed its doors and ceased its operation as a bank, and thereupon the defendant Commissioner of Banks took charge of same for the purpose of liquidation under the statute, and appointed W. O. Crump and later R. C. Coppedge as liquidating agents in charge; that the securities so segregated were later turned over by the plaintiffs to the liquidating agents for collection; that collections thereon were faithfully made, other assets collected, including certain insurance funds, and stock assessments, and distribution made from time to time therefrom, until the Commissioner of Banks has now on hand funds sufficient to pay the balance in full to all depositors and creditors, including the plaintiffs, together with interest thereon at six per cent; that plaintiffs instituted this action on 7 March, 1934, to enforce its right to the pledged securities, and, in addition, to recover damages for the unlawful detention of its funds in the sum of 12 per cent thereof, under the provisions of C. S., 357.

Of plaintiffs' total debt of $39,212.40, the sum of $36,286.36 was paid from dividends and collections, and after the institution of this action the balance of $2,926.04 was offered in full of the amount due plaintiffs, and refused.

From judgment that plaintiffs were entitled to recover their entire claim, together with 12 per cent thereon as damages under the statute, the defendant Commissioner of Banks appealed.

*McMullan & McMullan for plaintiffs.*
*M. B. Simpson and Thompson & Wilson for defendants.*

DEVIN, J.   It was admitted that the plaintiffs were entitled to the full amount claimed, together with interest thereon at 6 per cent, but defendant denied liability for any greater amount as damages under C. S., 357.

It was urged in the oral argument and by brief that the pledge of the securities on 18 December, 1930, was not authorized by the board of directors of the bank, nor accepted by the board of county commissioners. However, it would seem that this action of the president and cashier of the bank was acquiesced in and acted upon by the Commissioner of Banks, who succeeded to the assets and rights of the bank, that his dealings therewith were approved by orders of the court, that the county commissioners are asserting their rights under said pledge, and that the collections from these and other assets of the bank are sufficient to pay the claims of all creditors in full.   Hence, it is no longer open to the defendants to question the validity of a pledge upon which both have so long acted.

Therefore, the only question to be determined is whether the plaintiffs are entitled to recover damages at the rate of 12 per cent per annum upon deferred payments on their claims.   This depends on whether the statute invoked by plaintiffs applies to the facts of this case.

C. S., 357, must be considered in connection with the preceding section.

C. S., 356, is as follows (omitting unnecessary words) : "When a sheriff, coroner, constable, clerk, county or town treasurer, or other officer, collects or receives any money by virtue or under color of his office, and on demand fails to pay the same to the person entitled to require the payment thereof, the person thereby aggrieved may recover judgment in the Superior Court, etc."

Sec. 357: "When money received as aforesaid is unlawfully detained by any of said officers, and the same is sued for in any mode whatever, the plaintiff is entitled to recover, besides the sum detained, damages at the rate of twelve per centum per annum from the time of detention until payment."

This statute, which is of ancient origin, prescribes a penalty in the form of damages at a fixed rate, upon defaulting public officers, or those public officers who unlawfully detain funds received by them by virtue of their office.

While a bank, which has been appointed county financial agent under the statute, performs the duties usually appertaining to the office of

county treasurer, there are material differences with respect to the manner in which public funds shall be held. It is provided in the statute that "such bank shall not charge nor receive any compensation for its services, other than such advantages and benefit as may accrue from the deposit of county funds in the regular course of banking." C. S., 1389.

Evidently sections 356 and 357 of the Consolidated Statutes are inapplicable to impose liability for damages in a case where the facts are as presented here. We are not dealing with a defaulting or delinquent public officer. Here the Commissioner of Banks, acting pursuant to the authority of the statutes enacted to expedite and safeguard, in the public interest, the liquidation of closed banks, took over the affairs of a bank which had been theretofore constituted the financial agent of the county and which had county funds on deposit and in its possession. The defendant's relationship to the bank is that of statutory receiver. He took possession of the assets and funds of the bank for the purpose of collecting, preserving, and distributing the same for the benefit of all the creditors. His holding a portion of the fund, subject to the orders of the court and for the purposes of liquidation, could not be said to constitute an "unlawful detention," nor should he in his representative capacity be liable in damages as a penalty for so doing. The punishment would not fall upon a defaulting or delinquent public officer, as intended by the statute, but would penalize funds held in trust for all the creditors and stockholders whose stock assessments have helped to contribute.

All the decided cases that have been called to our attention, where the statute 357 has been applied, are concerned with defaulting public officers. *Bond v. Cotton Mills,* 166 N. C., 20; *Hannah v. Hyatt,* 170 N. C., 634; *S. v. Martin,* 188 N. C., 119; *S. v. Gant,* 201 N. C., 211.

For these reasons the judgment below must be modified to allow the plaintiffs the full amount of their claim, with interest at the rate of six per cent per annum on deferred payments, calculated in the manner set out in the judgment, instead of at the rate of 12 per cent; and thereafter the funds will be distributed in accordance with the statutes and this opinion. *Hackney v. Hood, Comr.,* 203 N. C., 486.

Modified and affirmed.