STATE OF NORTH CAROLINA, ON THE RELATION OF E. M. UNDERWOOD, AS CLERK OF THE SUPERIOR COURT OF LEE COUNTY, AND LEE COUNTY, v. W. G. WATSON, STANDARD ACCIDENT INSURANCE COMPANY, AND THE NATIONAL BANK OF SANFORD.

(Filed 13 October, 1943.)

**1. Clerks of Superior Courts § 23—**

In an action by a clerk of the Superior Court against his predecessor in office for the recovery of records, money, etc., in the hands of the outgoing

clerk by virtue or under color of his office, C. S., 943, an order, making the county a party plaintiff, was improvidently entered, and allegations in the answer, asserting a cross action and further defense against the county, were properly stricken. And it follows that related allegations in the reply, by way of answer to such cross action and further defense, should have been stricken also.

**2. Clerks of Superior Courts § 23g: Judgments § 29—**

A judgment of a court of competent jurisdiction, removing a clerk of the Superior Court from office, creates a vacancy in the office of clerk, and, when no appeal is taken, is conclusive.

**3. Clerks of Superior Courts § 23e—**

In an action by the clerk of the Superior Court against his predecessor in office, for possession of records, books and funds under C. S., 943, where defendant denied the allegations of the complaint that plaintiff was duly appointed clerk to fill a vacancy caused by the removal of defendant and qualified as such, and also made further affirmative allegation to like effect, there was error in allowing a motion to strike such affirmative allegations.

**4. Clerks of Superior Courts §§ 23b, 23c: Public Officers §§ 7c, 8—**

Our statutes provide two separate and distinct remedies against clerks of the Superior Courts—one in behalf of the injured individual for a specific fund to which he is entitled or on account of a particular wrong committed against him by the officer, C. S., 354; and one in behalf of the new clerk against his predecessor in office to recover possession of records, books, papers and money in the hands of the outgoing clerk by virtue or under color of his office. C. S., 943.

**5. Clerks of Superior Courts § 23b: Statutes § 5a—**

Authority for an individual to sue an officer for money wrongfully detained, C. S., 354, and C. S., 357, allowing damages at twelve per cent on any such recovery, relate to the same subject matter, are part of one and the same statute, and must be construed together.

**6. Clerks of Superior Courts § 23c—**

Whether or not the clerk is entitled to the benefits of C. S., 357, in a suit against his predecessor, is not now decided; but, granting that he is not so entitled, the law allows interest by way of damages on money wrongfully detained.

APPEAL by defendants from *Williams, J.,* at July Term, 1943, of LEE. Modified and affirmed.

Civil action instituted by relator clerk against his predecessor in office and his surety for an accounting, heard on motions to strike pleadings.

Defendant Watson was elected clerk of the Superior Court of Lee County in 1934, and was re-elected for the term beginning the first Monday in December, 1938. The defendant surety company was surety upon his official bond. On 17 December, 1941, Watson was removed

from office under judgment of court in an action then pending. Relator Underwood was appointed to fill the unexpired term. He thereupon instituted this action to compel the defendant Watson to turn over and deliver to him the records, documents, papers, moneys, and property belonging to said office and theretofore held by Watson by virtue or under color of his office. The defendant bank was joined for the purpose of obtaining an injunction against the disposition of funds on deposit in said bank in the name of Watson, clerk of the Superior Court.

Complaint being filed, the defendants appeared and moved the court that Lee County be made a party plaintiff. On said motion, Stevens, J., entered an order making Lee County a party plaintiff and requiring plaintiffs to file a bill of particulars as to all items alleged to be due.

Plaintiffs then filed an amended complaint in which no cause of action in behalf of Lee County against defendants, or either of them, is stated. The defendants separately answered and in their answers undertook to set up a cross action against Lee County. To this cross action and other affirmative defenses contained in the answers, plaintiffs replied.

After all pleadings had been filed defendants moved to strike certain allegations contained in plaintiffs' reply, and plaintiffs filed a counter-motion to strike certain allegations contained in the answers, including the allegation of a cause of action against Lee County.

When the cause came on to be heard on said motions in the court below judgment was entered striking the allegation of the cause of action against Lee County and other allegations contained in the answer. The defendants excepted and appealed.

*Teague & Williams and Gavin, Jackson & Gavin for plaintiffs, appellees.*

*K. R. Hoyle, J. G. Edwards, and S. R. Hoyle for defendant Watson, appellant.*

*A. J. Fletcher for defendant Standard Accident Insurance Company, appellant.*

BARNHILL, J. While the motions and counter-motions challenge the propriety of a large number of allegations in the pleadings, the order striking the allegations in the answers undertaking to set up a cross action against Lee County is the real crux of the controversy. If the judgment below is sustained in this respect most of the other challenged allegations, both in the reply and in the answers, go out as a matter of course.

The defendants allege, in substance, that during Watson's tenure of office Lee County instituted numerous tax foreclosure actions, which were prosecuted to final judgment; that as a result official fees accrued to the

clerk in the total sum of $46,193.50, of which $9,564.06 has been paid, leaving a balance of $36,629.44 still due and unpaid; and that the county is legally indebted to Watson in said amount. Watson demands judgment therefor. Defendant insurance company prays that it be allowed as an offset against any amount which may be adjudged to be due by Watson to plaintiff.

Lee County seeks no recovery against either defendant. It has no interest in any recovery which may be had by Underwood, and Underwood is in no way connected with the matters alleged against the county. As between them there is no community of interest in either cause of action. The amount claimed by Watson, if recovered, would belong to him individually. It would form no part of funds on hand by virtue or under color of his office. Underwood could recover no part thereof. Hence this cross action is wholly independent of and unrelated to the cause of action relied on by the relator clerk.

To permit the allegations to stand would require the trial of two distinct and independent actions in one. The plaintiff would be required to stand by while defendants undertake in their cross action to recover funds of a third party with which to pay any recovery he may obtain. His cause would be complicated and confused by evidence entirely irrelevant to his action. The law does not contemplate that a litigant shall be so prejudiced in the prosecution of his cause.

The order making Lee County a party plaintiff was improvidently entered. The allegations in the answers asserting a cross action against it were properly stricken. It follows that the court below erred in refusing to strike related allegations in the reply by way of answer to the cross action.

There was no error in the order striking defendants' second further defense. The efforts of the county to control the management of funds in the hands of the clerk; its change of method of audit and accounting; its alleged false entries and fictitious charges; and its other conduct alleged therein do not constitute a defense to this action. Nor does the fact that defendant may have been harassed, embarrassed, and hindered in the discharge of his duties as clerk by the interference and intermeddling of the board of commissioners excuse him from accounting to his successor for any money actually received by him under color of his office for which he has not accounted. He is called upon to account for the true amount due and nothing more—and this is the measure of his liability.

The defendants denied the allegations in the complaint that the relator Underwood was duly appointed as clerk of the Superior Court to fill the vacancy caused by the removal of Watson and has duly qualified and is now acting as such. In addition, they made further affirmative allega-

tions to like effect. The affirmative allegations were stricken. In this there was error.

The defendant Watson was removed from office by judgment of a court of competent jurisdiction, creating a vacancy in the office. From that order he did not appeal. He is concluded thereby. Even so, the relator must allege and show that he is the party appointed to fill the vacancy. Unless estopped by his conduct so to do, the defendant may both deny the allegation and affirmatively assert the contrary. Although, ordinarily, a simple denial is sufficient, this does not preclude as objectionable a positive assertion by way of denial.

The relator Underwood seeks to recover the several funds itemized in the bill of particulars "with damages thereon as provided by law," and the "damages" are estimated at twelve per cent. The court correctly declined to strike the allegations of damages.

Our statutes provide two separate and distinct remedies—one in behalf of the injured individual for a specific fund to which he is entitled or on account of a particular wrong committed against him by the clerk, C. S., 354, and one in behalf of the clerk against his predecessor in office to recover possession of records, books, papers, and money in the hands of the outgoing clerk by virtue or under color of his office. C. S., 943.

Authority for an individual to sue an officer for money wrongfully detained (C. S., 354) was granted by an Act adopted in 1793. 1 Potter, Laws of North Carolina, ch. 384 (1819). This Act provided for summary judgment against constables only. Later another Act was adopted making provision for summary judgment against other public officials, including clerks. 2 Potter, Laws of North Carolina, ch. 1002, sec. 1 (C. S., 356). Section 2 of the Act provides that the aggrieved party may recover, over and above the sum detained, damages at the rate of twelve per centum per annum from the time of such detention until payment. This section has been brought forward in the various codifications and is now C. S., 357. Hence the two sections, C. S., 354, and C. S., 357, relate to the same subject matter and are a part of one and the same statute. They must be construed together. *Pasquotank County v. Hood,* 209 N. C., 552, 184 S. E., 5.

The interest by way of damages is allowed to the individual entitled to the money and who sues for the same. *S. v. Gant,* 201 N. C., 211, 159 S. E., 427. See also *Windley v. Lupton,* 212 N. C., 167, 193 S. E., 213, and *Wood v. Bank,* 199 N. C., 371, 154 S. E., 623.

The right of the clerk to bring an action does not rest on any injury done to him, but on the ground that the law requires that each successive clerk shall receive from the retiring clerk all the records, books, papers, moneys, and property of his office in order that the business of the clerk of the Superior Court may be conducted intelligently, systematically,

and economically. *Peebles v. Boone,* 116 N. C., 57, 21 S. E., 187, 59 A. L. R., 53; *State Ex Rel. Gilmore v. Walker,* 195 N. C., 460, 142 S. E., 579; *S. v. Martin,* 188 N. C., 119, 123 S. E., 631. It rests on an entirely different statute. C. S., 943.

In view of the distinctions between the two acts, is the clerk here entitled to the benefits of C. S., 357? This we have not been called upon to decide. Granted that he is not. Even so, the law allows interest by way of damages on money wrongfully detained. *King v. Phillips,* 95 N. C., 245; *Ripple v. Mortgage Corp.,* 193 N. C., 422, 137 S. E., 156; *Bank v. Insurance Co.,* 209 N. C., 17, 182 S. E., 702. From what date, upon what amount, and at what rate interest is to be allowed will be decided by the trial court on the verdict rendered.

The motions to strike came on to be heard before the judge presiding at term. The cause was pending on the docket of that court. The jurisdiction to hear and decide the motions cannot be successfully assailed. *Shepard v. Leonard, ante,* 110.

The judgment below must be modified to accord with this opinion.

Modified and affirmed.