STATE OF NORTH CAROLINA, ON THE RELATION OF E. M. UNDERWOOD, AS CLERK OF THE SUPERIOR COURT OF LEE COUNTY, v. W. G. WATSON, STANDARD ACCIDENT INSURANCE COMPANY, AND THE NATIONAL BANK OF SANFORD.

(Filed 11 October, 1944.)

**1. Clerks of Superior Courts § 23c—**

Our statute, G. S., 2-22, gives the incoming clerk of the Superior Court the right to demand of his predecessor in office, and to recover, any

money in the hands of the outgoing clerk by virtue or under color of his office, which includes amounts paid to such clerk for the use of various individuals.

**2. Same—**

In an action by a clerk of the Superior Court against his predecessor in office for money wrongfully detained, the law allows interest by way of damages on any recovery. G. S., 109-37.

**3. Pleadings § 24½: Indictment § 17—**

A bill of particulars is not evidence but is filed so as to advise the defendant of the various items making up the total claimed by the plaintiff, who must recover, if at all, on the strength of the evidence offered. An attack on such bill has no place in the pleadings.

**4. Clerks of Superior Courts § 23e—**

Where a clerk of the Superior Court brings an action against his predecessor in office to recover funds wrongfully withheld, allegations by defendant of misconduct of other officers, in failing to pay over moneys to defendant, should be stricken. There is no liability by defendant for funds he never received.

APPEAL by plaintiff and by defendant Watson from *Bone, J.,* at July Term, 1944, of LEE. Modified and affirmed.

Civil action instituted by relator clerk against his predecessor in office and his surety for an accounting heard on motion of plaintiff to strike portions of defendant Watson's further answer.

This cause was here on former appeal from order entered on motions to strike allegations in the pleadings. *S. v. Watson,* 223 N. C., 437. The essential facts are there stated.

After the opinion on the former appeal was certified down, the plaintiff filed an amended or substitute complaint. Defendant Watson filed an amended answer in which he alleges certain further defenses. Plaintiff filed written motion to strike (1) all three paragraphs of the first further defense, and (2) a portion of paragraph 1 and all of paragraph 2 of the second further defense.

Bone, J., heard the motion at the July Term, 1944, Lee Superior Court, and at the conclusion of the argument, by consent, took the matter under advisement with authority to render judgment out of term *nunc pro tunc.* Pursuant to said agreement he entered judgment 31 July, 1944, (1) denying the motion to strike the three paragraphs constituting the first further defense, and (2) striking a part of paragraph 1 and all of paragraph 2 of the second further defense. Both plaintiff and defendant Watson excepted and appealed.

Plaintiff here interposes a demurrer *ore tenus* to defendant's first further defense for that the facts alleged do not constitute a valid defense.

*Teague & Williams and Gavin, Jackson & Gavin for plaintiff.*
*K. R. Hoyle, J. G. Edwards, and S. R. Hoyle for defendant.*

BARNHILL, J.   Defendant's first further defense seems to set forth two contentions by way of defense: (1) the plaintiff is without legal capacity to sue for the several amounts which came into the hands of Watson, clerk, by virtue of his office to the use of various individuals and (2) the plaintiff is not entitled to recover damages for the wrongful detention of any such amount.

The court below, being of the opinion that this Court, on the former appeal, purposely left these questions open for decision at the time of the trial, declined to strike. In this it acted under a misapprehension. Both questions were decided.

Speaking to the first question, the Court said: "Our statutes provide two separate and distinct remedies . . . one in behalf of the clerk against his predecessor in office to recover possession of . . . money in the hands of the outgoing clerk by virtue or under color of his office." Speaking to the second, we said: "The court correctly declined to strike the allegations of damages . . . the law allows interest by way of damages on money wrongfully detained. . . . From what date, upon what amount, and at what rate interest is to be allowed will be decided by the trial court on the verdict rendered."

There was error in the order declining to strike the allegations contained in the first further defense. They fail to state or set out facts sufficient to constitute a valid defense. The demurrer interposed in this Court is sustained.

That portion of the first paragraph of the second further defense plaintiff seeks to strike is nothing more than an attack upon the method and manner of preparation of the bill of particulars filed under order of court and plaintiff's method of bookkeeping and auditing. It has no proper place in the pleadings.

The bill of particulars is not evidence. It was filed so as to advise the defendant of the various items which go to make up the total amount claimed by plaintiff. If plaintiff recovers at all, he must recover on the strength of the evidence offered. Defendant has denied that he is indebted to plaintiff in any amount. Under this denial and his further affirmative allegations of nonliability, he may attack any charge or debit relied on by plaintiff and prove any payment made for which he has not received credit. He has the right also to deny receipt of any one or all of the several amounts listed in the bill of particulars or to allege that, having received the same, he has duly accounted therefor. But the allegations stricken cannot be so construed.

The second paragraph charges that there were grave irregularities in the settlement of the accounts of defendant's predecessor in office; that such irregularities have continued in the handling of funds which have never come into the hands of defendant; and that many funds which should have been cleared through the clerk's office were handled by the county auditor whose methods of bookkeeping have created fictitious and false shortages.

These allegations have no relation to the issues here involved. They do not constitute an admission or denial of liability for funds wrongfully detained. Nor are they allegations by way of confession and avoidance.

The defendant has to account only for funds which came into his hands by virtue and under color of his office. He has denied the allegations of indebtedness and affirmatively asserted the falsity and lack of merit of plaintiff's claim. The misconduct of other officers may have harassed and embarrassed him in the discharge of his duties, but such misconduct does not fix him with liability for funds he has never received. The issues are drawn. It is not necessary to encumber the pleadings with the irrelevant allegations plaintiff seeks to have stricken. In granting the motion, the court below committed no error.

The order entered must be modified in accordance with this opinion.

Modified and affirmed.