### H. C. HOOD v. ROGER A. SMITH.

(Filed 9 October, 1946.)

**Interest § 2: Vendor and Purchaser § 7—**

> Nothing else appearing, interest begins to run as a matter of law on the balance of the purchase price under a contract to convey from the date of the execution of the contract and the taking of possession by the purchaser, and not on the date set for the execution of the deed.

APPEAL by plaintiff from *Nimocks, J.,* at June Term, 1946, of JOHNSTON. New trial.

This is a civil action by the plaintiff to recover of the defendant the balance of $12,975.00, the total purchase price, namely, the sum of $6,975.00, with interest from 1 January, 1946, alleged to be due as balance purchase money for 86½ acres of land in Smithfield Township, known as the Dal U. Thompson place. It was agreed by and between the parties that the court might take the papers and render judgment in or out of term and in or out of the district. It appeared that the action was brought on a written receipt in the form of a contract for the sale and purchase of said land, and that an interpretation of said contract relating to interest was the only matter at issue between the parties. The court, upon consideration of the said contract and pleadings filed herein, finds as a fact and holds as a matter of law, that under and by virtue of said contract the plaintiff contracted to execute and deliver to the defendant a fee simple title to the said land, and upon delivery of such

deed to the defendant, the defendant contracted to pay to the plaintiff the sum of $6,975.00, balance due and unpaid on the purchase price of said land, which was due and payable. The court having found, as a matter of law, that the sum of $6,975.00 which was to be paid bore no interest except from maturity, and the balance of the contract was in full force and effect. The plaintiff was, by the judgment entered, ordered and directed to make and tender to the defendant a deed in fee simple for said land and defendant was ordered and directed to pay the further sum of $6,975.00 as set out in said contract. To this judgment the plaintiff objected, excepted and appealed, assigning error.

*Leon G. Stevens for plaintiff, appellant.*
*Wellons & Canaday for defendant, appellee.*

SCHENCK, J. There appears but one assignment of error in the record and upon this assignment of error the sole exception set out in appellant's brief is based, namely, exception to the judgment as signed by the court. In this case the exception poses but the one question, to wit: When did interest begin to accrue on deferred payment? His Honor was of the opinion that the interest began to accrue on 1 January, 1947; the plaintiff contended that interest began 1 January, 1946. Was his Honor's holding in error is the question posed. We are constrained to hold that such holding was error. Nothing else appearing, any unpaid balance due at the time the sale was consummated and the defendant took possession of the property would draw interest from that date as a matter of law. "A debt draws interest from the time it becomes due. When the interest is not made payable on the face of the instrument, it is in the nature of damages for the retention of the principal debt. *King v. Phillips,* 95 N. C., 246; *Grocery Co. v. Taylor,* 175 N. C., 37." *Bank v. Insurance Co.,* 209 N. C., 17, 182 S. E., 702.

The plaintiff is entitled to interest on the deferred payment from 1 January, 1946. Judgment accordingly.

Reversed.