H. F. MITCHELL CONSTRUCTION COMPANY v. THE ORANGE COUNTY BOARD OF EDUCATION.

(Filed 12 June 1964.)

**1. Appeal and Error § 51—**

Refusal of nonsuit will not be disturbed, notwithstanding the admission of incompetent evidence, when there is competent evidence to sustain an affirmative finding upon the issue.

**2. Appeal and Error § 41—**

Defendant was under contract to pay plaintiff a stated amount per cubic yard for stone excavated. The subcontractor who excavated the stone testified as to the number of cubic yards excavated by him. Judgment in favor of the subcontractor against plaintiff which showed the excavation of a much smaller number of cubic yards was admitted in evidence. Recovery was allowed on the smaller number of cubic yards excavated as shown by the judgment. *Held:* Defendant was not prejudiced by the admission of the subcontractor's judgment in evidence.

**3. Appeal and Error § 39—**

Appellant has the burden not only to show error but also that a different result would likely have ensued except for the error.

**4. Tender—**

Tender of an amount which is insufficient to cover the debt with legal interest from the time the debt was due to the time of tender, may be rejected.

APPEAL by defendant from *Latham, S. J.,* July 1963 Civil Session of ALAMANCE.

Plaintiff contracted with defendant for the construction of a gymtorium and classroom building for Central School in Hillsboro. The basic contract price was $198,832.00. Work changes made by defendant increased the contract price to $200,244.00. In addition to the contract price, defendant agreed to pay $15.00 per cubic yard for stone excavated.

Plaintiff sublet the excavations to J. C. Winters, Jr. He filed a claim with plaintiff for $7,215.00, asserting that he had excavated 481 cubic yards of rock for which he was entitled to payment at the rate of $15.00 per cubic yard. Plaintiff notified defendant of Winters' claim. Defendant denied liability, contending that no rock had been excavated. Plaintiff thereupon refused to pay Winters until he had established the quantity of rock, if any, excavated. Winters then sued plaintiff in Durham County. He also asserted a lien on the school building to the extent of his claim for rock excavated. Plaintiff notified defendant of the Winters' suit and tendered it the defense of that action. Defendant declined the offer. The court, in the trial of the Winters' suit, found that he had excavated 911 cubic yards of material of which 227 qualified as rock as defined in the contract between Construction Company and Board of Education. Based on this finding, judgment was entered in favor of Winters and against Construction Company for the sum of $3,405.00 and costs. On May 22, 1961, Construction Company paid the judgment. Winters thereupon released all claims he had against Board of Education.

Pending satisfaction of Winters' claim, Board of Education retained $15,024.40 owing plaintiff for the work done pursuant to the contract. By agreement between the parties, this money was placed on deposit at interest, at the rate of 3½ per cent.

In June 1961, after Winters had released any claim he had against it, the Board of Education tendered plaintiff the sum of $15,024.40, and interest which had accrued on the deposit in settlement of its liability to plaintiff. The tender was refused.

This action was instituted in December 1961. Plaintiff alleges it is entitled to recover: (1) $4,011.10 for 227 cubic yards of rock excavated pursuant to its contract with defendant; (2) $2,132.55 costs expended in defending the suit instituted by J. C. Winters; (3) "the amount

of $15,024.40, the balance due on stated contract sum as amended, together with lawful interest thereon."

Defendant admitted its contractual obligation to pay $15.00 per cubic yard for rock necessarily excavated. It denied any had been excavated. It disclaimed liability for any sums paid by plaintiff to Winters, or for expenses incurred by plaintiff in defending the suit brought by Winters. It alleged it, on March 9, 1962, "tendered a check payable to the order of the plaintiff in the amount of $16,812.87, of which amount $15,025.20 represented payment in full on the Contract, and $1,787.67 represented interest which had accrued while said funds were withheld by the County in accordance with request in the plaintiff's letter * * * and that said check was tendered without a general release provision in full payment of the County's obligation to the plaintiff."

The parties waived a jury trial. The court found defendant was, on June 30, 1961, exclusive of its liability for rock excavation, indebted to plaintiff in the sum of $16,435.37, of which $15,024.40 was principal, and $1,410.97 was interest accrued to that date under the deposit agreement; and was indebted to plaintiff in the sum of $3,405.00 for rock excavated by Winters, subcontractor: "The said excavation of 227 cubic yards of rock by J. C. Winters, Jr., subcontractor of plaintiff, was necessary for the performance and carrying out of the original excavation specifications in the contract between the plaintiff and the defendant."

Based on its findings, the court entered judgment in favor of plaintiff for the sum of $16,435.37 with interest thereon from June 30, 1961, and for the further sum of $3,405.00 with interest from the date of the judgment.

Defendant excepted and appealed.

*Graham & Levings for defendant appellant.*
*Long, Ridge, Harris & Walker for plaintiff appellee.*

RODMAN, J. Defendant assigns as error the refusal to allow its motion to nonsuit. It does not except to the findings of fact. If plaintiff offered competent evidence on which the court could find that rock had been excavated, as required by the contract, the motion to nonsuit was properly overruled. This is true even though the record also contains incompetent evidence admitted over defendant's objections. *Reverie Lingerie, Inc. v. McCain,* 258 N.C. 353, 128 S.E. 2d 835; *In re Simmons,* 256 N.C. 184, 123 S.E. 2d 614; *Insurance Company v. Shaffer,* 250 N.C. 45, 108 S.E. 2d 49; *Bradsher v. Morton,* 249 N.C. 236, 106 S.E. 2d 217; *Bizzell v. Bizzell,* 247 N.C. 590, 101 S.E. 2d 668.

Winters testified that he actually excavated 481 cubic yards of rock. This testimony was not only competent, it was admitted without objection. His testimony provides full support for the court's findings. The motion to nonsuit was properly overruled.

Accepting as correct defendant's contention that the judgment rendered in Winters' suit against Construction Company was neither an estoppel, nor evidence against Board of Education that rock had been excavated, it does not follow that the defendant has been prejudiced by the admission of the judgment rendered in that action. As noted, Winters' testimony in this action would suffice to support a finding that 481 cubic yards of rock were excavated. Defendant was not prejudiced by reducing the quantity excavated from 481 to 227 cubic yards and its liability from $7,215.00 to $3,405.00.

Although plaintiff asserted he was entitled to recover the costs and expenses incurred in defending the Winters' suit, the court held otherwise.

Appellant, to succeed, must carry the burden, not only to show error, "but to show that if the error had not occurred there is a reasonable probability that the result of the trial would have been favorable to him." *Mayberry v. Coach Lines,* 260 N.C. 126, 131 S.E. 2d 671.

Defendant's plea of payment of that part of plaintiff's claim not related to excavation was properly rejected. Admittedly, that debt was due on June 30, 1961. On that date, it amounted to $16,435.37, composed of $15,024.40 principal, and $1,410.47 interest accrued under the deposit agreement. Interest at 6 per cent, the legal rate, G.S. 24-1, accrued from June 30, 1961, when the debt was due, G.S. 24-5, *Hood v. Smith,* 226 N.C. 573, 39 S.E. 2d 604. Mathematical computation shows that the check for $16,817.87, tendered on March 9, 1962, was not sufficient to pay the amount admittedly owing on June 30, 1961, with the interest from that date to the date of tender. Plaintiff was, of course, not required to accept less than the sum owing on the date the tender was made. *Ingold v. Assurance Company,* 230 N.C. 142, 52 S.E. 2d 366.

No error.