JOYCE SMATHERS McDOWELL v. SMATHERS SUPER MARKET, INC., AND ROY H. PATTON, JR., AS EXECUTOR OF THE ESTATE OF MYRTLE MARIE SMATHERS, DECEASED, AND CHARLES ROBERT SMATHERS

No. 8330SC1084

(Filed 16 October 1984)

1. **Appeal and Error § 4— theory of trial in lower court—binding on appeal**

    The cast of a case on appeal is irretrievably fixed in the trial court; parties cannot try their cases on one theory and appeal them on another, so that defendant may not agree to the submission to the jury of issues concerning only the length of time a corporate resolution required salary payments after the death of a corporate officer, then raise the validity of the resolution on appeal.

2. **Wills § 35— vesting of annuities—interpretation of corporate resolution**

    Where a corporate resolution required the payment of the corporate president's salary ". . . for a period of two years, said salary to be paid to his widow or if then deceased to his issue," the entire amount vested in the widow because she was not "then deceased" at her husband's death. The unpaid portion of the salary at the widow's death passed under the residuary clause of the widow's will, which named only one of the two children as legatee.

APPEAL by defendants Smathers Super Market, Inc. and Charles Robert Smathers from *Kirby, Judge*. Judgment entered 28 April 1983 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 21 August 1984.

In this civil action plaintiff, as residuary beneficiary under the will of her mother, Myrtle Marie Smathers, sued to enforce a resolution that the defendant Smathers Super Market, Inc. adopted on the 9th day of March 1978. For a number of years prior thereto C. Underwood Smathers and his brother Loranzo F. Smathers had been the corporation's principal employees and its only directors, officers and shareholders. C. Underwood Smathers was the husband of Myrtle Marie Smathers; plaintiff and defendant, Charles Robert Smathers, are their only children. The resolution involved was as follows:

BE IT RESOLVED, that upon the death of C. Underwood Smathers, President, Director and highly valued employee, the corporation shall pay his salary ($25,000 per year) for a period of two years, said salary to be paid to his widow or if then deceased to his issue in the same manner as his salary is now being paid.

An identical resolution was adopted at the same time with respect to the company Secretary-Treasurer, Loranzo F. Smathers.

Following the death of C. Underwood Smathers on July 4, 1978, his bi-weekly salary was routinely and regularly paid by the company to his widow, Myrtle Marie Smathers, until she died on July 8, 1979, but the company made no payments thereafter. The payments made to Mrs. Smathers amounted to $24,000.

Myrtle Marie Smathers left a will, which did not mention the payments allegedly due her from the corporation, and as residuary legatee under the will plaintiff requested the executor to sue the company for the remaining $26,000. When the executor refused plaintiff sued in her own right, joining the executor as a nominal party defendant. In the complaint, plaintiff alleged, in substance, that the salary payment resolutions were funded with insurance policies on the lives of the two corporate officers, the resolution required the defendant corporation to pay Mrs. Smathers, as her husband's survivor, for two years, and she was entitled to receive the payments under her mother's will. By their

answers the defendant corporation denied owing plaintiff the payments and the defendant executor denied any interest in, or responsibility for, the dispute. Thereafter, while considering other matters irrelevant to this appeal, the court on its own motion ordered that plaintiff's brother, Charles Robert Smathers, be made a party to the suit and directed that he align himself with one side or the other. In answering the amended complaint, Charles Robert Smathers aligned himself with the defendant corporation, alleging that it owed no further payments, but that if it did he is entitled to half, along with plaintiff, as an issue of C. Underwood Smathers. Upon the trial of the case, the jury answered the issues submitted for the plaintiff, and from the judgment entered thereon the defendants Smathers Super Market, Inc. and Charles Robert Smathers appealed.

*Adams, Hendon, Carson & Crow, by Geo. Ward Hendon, for plaintiff appellee.*

*Erwin, Winner & Smathers, by Patrick U. Smathers, for defendant appellants Smathers Super Market, Inc. and Charles Robert Smathers.*

PHILLIPS, Judge.

[1] The main basis for this appeal is the contention that the salary payments called for were gifts, and the corporate resolution sued on was therefore without consideration and legally unenforceable. From that base and for that reason both defendant appellants contend that the court erred in several respects, including denying their motions for a directed verdict and judgment notwithstanding the verdict, and requiring the defendant corporation to pay interest on the remaining salary payments from the time that they were due. But that is not the position that the defendant appellants took in the trial court. The position that both defendants took, through nearly identical pleadings, was that the corporation *intended* to make the payments only to the officer's widow while she was living, and that if, because of ambiguous wording, the resolution failed to so provide, it should be reformed accordingly. Thus, the validity of the resolution, if not conceded, was not questioned in the trial court; the only issue raised about it was the length of time it required the company to pay the salary of Mr. Smathers following his death. Pursuant to

these allegations of the defendant appellants, and with their agreement so the record states, the following issues were submitted to the jury:

> 1. Did the Smathers Super Market, Inc., intend in the March 9, 1978, resolution that the payments subsequently made to Underwood Smathers' widow be continued at her death until the balance of $50,000 is paid?

> 2. Did the Smathers Super Market, Inc., through its Board of Directors, provide that the salary payable to the surviving widow, Myrtle Marie Smathers, should cease upon her death, without regard to the language appearing in the written resolution?

The jury answered the first issue *yes* and the second issue *no*, thereby finding that the corporation intended to pay the salary of Mr. Smathers for two years, notwithstanding the death of his widow during that period, and that its resolution so provides. Since the parties agreed to these issues, the record, of course, contains no request by the defendant appellants that an issue as to consideration be submitted or that the jury be instructed with respect to it. As has been stated by our Supreme Court many times, the cast of a case on appeal is irretrievably fixed in the trial court; parties cannot try their cases on one theory and appeal them on another. *Mills v. Dunk*, 263 N.C. 742, 140 S.E. 2d 358 (1965). Since the appellants tried their case on issues that they, themselves, raised and agreed to, they cannot now claim with success that the court erred in permitting them to do so. The judgment entered — for the unpaid salary in the amount of $26,000, together with interest thereon from the time the payments were due — was the only one that could have been properly entered in the setting that the case was tried, and will not be disturbed. The jury established that the company owed $50,000 to start with, the parties agreed that only $24,000 had been paid, and debts arising out of contract, as in this case, bear interest in this state. G.S. 24-5; *Security National Bank v. Travelers Insurance Company*, 209 N.C. 17, 182 S.E. 702 (1935).

[2]   The further alternative contention of the defendant Charles Robert Smathers that the corporate resolution entitles him, as an issue of C. Underwood Smathers, to one-half of the remaining salary owed by the company is likewise without merit. In deter-

mining the legal questions raised by the verdict and entering judgment on it, the trial judge ruled that the right to receive the remaining salary payments was vested in Myrtle Marie Smathers at her death and thus passed to plaintiff under the residuary provisions of her will. We believe this ruling was correct. Certainly, the company's obligation to pay the full $50,000 became absolute at Mr. Smathers' death; and as we read the resolution it required the company to pay the $50,000 to Mrs. Smathers if she was not "then deceased," which she was not. That all the money was not to be disbursed then, but was spread over a two-year period, only delayed her enjoyment of the money and did not affect her right to receive it.

No error.

Judges WEBB and JOHNSON concur.