Morley v. Morley

––––––––––––––

JOYCE MORLEY v. E. K. MORLEY

No. 8729SC305

(Filed 16 February 1988)

**Divorce and Alimony § 21; Interest § 2— promissory note—payment into clerk's office—accrual of interest—not stopped**

In an action to recover on a promissory note, the trial court did not err in requiring defendant to make payment with interest, and there was no merit to defendant's contention that his payment of an amount into the clerk's office pursuant to an *ex parte* order stopped the accrual of interest.

APPEAL by defendant from *Snepp, Judge.* Order entered 29 December 1986 in Superior Court, HENDERSON County. Heard in the Court of Appeals on 19 October 1987.

*John E. Shackelford for plaintiff appellee.*

*E. K. Morley, pro se, defendant appellant.*

COZORT, Judge.

Plaintiff initiated this action upon defendant's failure to pay on a promissory note. From an order requiring him to make payment with interest, defendant appeals. We affirm.

On 5 December 1983, defendant executed and delivered to plaintiff a promissory note for $30,000. The note was given to plaintiff as settlement for her interest in the household goods and furnishings acquired during the time plaintiff and defendant were married to each other. The terms of the note provided for repayment on 15 January 1985, or on the date of the parties' divorce, whichever occurred last.

On 29 April 1985, plaintiff filed a complaint alleging that the note became due on 12 April 1985, and that although demand had been made, defendant had failed to make payment. Defendant answered on 11 June 1985, alleging as a defense for nonpayment that prior to signing the note, plaintiff had promised him that she would have an English longcase clock bonnet and face professionally repaired and delivered to him. Defendant then alleged that plaintiff's nonperformance of this promise was a failure of consideration on the promissory note.

As an additional defense, defendant offered a 10 June 1985 court order which required him to pay $29,000 to the clerk of court. Defendant had obtained this order *ex parte*, without notice to plaintiff after she filed her complaint and before he filed his answer. Under the order, defendant voluntarily surrendered $29,000 to the court so that it could be applied against his indebtedness under the note, pending a determination by the court as to the amount of money owed plaintiff. Defendant also counterclaimed for unperformed repairs to the clock and requested that the court set off the amount of damages due for such by $1,000.

Pursuant to plaintiff's motion for judgment on the pleadings and defendant's motion for summary judgment, the trial court entered an order which stated that $30,000 was due plaintiff on the note, subject to a setoff of $755 for the unrepaired damages to the clock. The trial court also ordered that defendant pay interest on

the net balance at the rate of eight percent per annum from the day the suit was filed.

Once the order was entered, the clerk of court paid plaintiff $29,245 from the funds deposited by defendant. This satisfied the court's order, except as to the award of interest. Defendant made a motion for a new trial or to alter or amend the judgment to delete any requirement that he pay interest on the grounds that tender of payment into the court stopped the accrual of interest. The trial court denied defendant's motion, concluding that "the [tender] made by the Defendant, [was] not effective to prevent the running of interest on the Judgment." From this order, defendant appeals.

Defendant argues that the trial court erred in concluding that the tender of payment pursuant to a court order did not prevent the running of interest. We disagree.

There is no dispute that the $30,000 note was due and that defendant failed to pay. The only dispute concerned the amount to be set off from the $30,000 for repairs to the clock. Defendant contended that the clock was damaged in the amount of $1,000 and the award should be set off by that amount, while plaintiff believed that damages were much less. Regardless of the amount of damages, it is undisputed that defendant owed plaintiff at least $29,000.

Rather than paying $29,000 directly to plaintiff, defendant paid the money into court, pursuant to an *ex parte* order which he obtained without plaintiff's notice. Plaintiff had no access to this money unless she accepted defendant's claim for $1,000 in damages. Since she disagreed as to the amount of damages to the clock, plaintiff was deprived of the use of the money from the day it was due until a final judgment on damages was entered. "A debt draws interest from the time it becomes due. When interest is not made payable on the face of the instrument, it is in the nature of damages for the retention of the principal debt." *Bank v. Insurance Co.*, 209 N.C. 17, 19, 182 S.E. 702, 704 (1935). By obtaining the *ex parte* order, defendant retained the $29,000 and prevented plaintiff from enjoying its use. He should be required to pay interest for the time he retained it.

The order of the trial court is

Affirmed.

Judges WELLS and JOHNSON concur.